**STATE of Missouri, Appellant,**

v.

**William Dean FREY, Respondent.**

**No. 53668.**

Supreme Court of Missouri,
Division No. 1.

May 12, 1969.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellant.

H. K. Stumberg, St. Charles, for respondent.

STORCKMAN, Judge.

This is an appeal by the State of Missouri from an adverse order and judgment in a proceeding under S.Ct. Rule 27.26, V.A.M.R. The Circuit Court of St. Charles County set aside the sentence of the prisoner, William Dean Frey, and ordered his discharge.

On October 22, 1963, the prisoner, herein sometimes referred to as the defendant, was found guilty of robbery in the first degree. The court found that the defendant was a second offender and assessed his punishment at ten years imprisonment. The defendant's court-appointed counsel filed a motion for new trial which was argued and overruled on November 19, 1963, and the defendant was sentenced to ten years in the custody of the Department of Corrections. No notice of appeal was filed in the time provided by law and the defendant was imprisoned in accordance with the sentence imposed.

On June 20, 1967, the defendant filed in the circuit court this motion under Rule 27.26 to set aside the sentence and judgment entered November 19, 1963. An evidentiary hearing was held on the defendant's 27.26 motion on December 15, 1967, and January 9, 1968. On February 5, 1968, the trial court entered its findings of fact and conclusions of law sustaining the defendant's motion and discharging him. This appeal by the state followed.

Evidence at the hearing on the 27.26 motion was quite extensive and was liberally admitted. Certain issues were ruled against the defendant in that the court found: the defendant was advised of his right to counsel and was not denied his constitutional rights in that respect; his confession was not the result of force or coercion but was voluntary; the defendant was not deprived of his right to confront the witnesses against him; he personally waived a preliminary hearing, went to trial without objection and is not entitled to complain in that regard; there were reasonable grounds for the defendant's arrest, and the search of the house in which he was arrested was consented to by the defendant's father whose home it was; the court records show that the defendant was formally arraigned in accordance with S.Ct. Rule 25.04 on April 22, 1963, contrary to his contention. No further contention is made regarding these findings on this appeal.

The sentence of November 19, 1963, was vacated and the defendant was ordered discharged on the court's finding that the defendant was an indigent person and wanted to appeal his conviction and requested his counsel to file a notice of appeal, but his counsel failed to do so, and the defendant was thereby denied the effective assistance of counsel and his right of appeal in violation of equal protection provisions in the federal and state constitutions. Appellate counsel did not represent the defendant at his trial. Both were appointed by the court.

The testimony of the defendant and his trial attorney established that the defendant desired an appeal and requested his attorney to appeal the conviction. The appointed attorney had practiced law for seventeen years and had defended "hundreds" of criminal cases. The reasons he assigned for not taking the appeal were that he was of the opinion there was no

error in the case, that the sentence was not excessive and the defendant might not fare so well if he got a new trial, that as many as twenty prosecutions for armed robbery could be filed against the defendant and his brother growing out of the holdup of the tavern in Old Monroe and its patrons; he felt the other charges would not be brought if the defendant did not appeal and that it was "to the best interest of Mr. Frey that he take this sentence." These reasons are plausible and demonstrate competent consideration of the client's interest. However, the attorney did not advise his client of his decision and the defendant continued to write the attorney and the clerk of the supreme court inquiring about the appeal in his case.

 The defendant asserts that this is a criminal proceeding and that the state's right to appeal, limited by §§ 547.200 and 547.210, RSMo 1959, V.A.M.S., does not include an appeal in such a case. Subsection (a) of Rule 27.26 states that the remedy is intended to provide the exclusive procedure for the prisoner to attack his sentence and that it includes all relief by habeas corpus when used to attack a sentence plus relief not available by habeas corpus. The subsection further designates the remedy "an independent civil action" which is governed by the rules of civil procedure insofar as they are applicable. Subsection (j) of the rule designates an order sustaining or overruling a motion under the rule a final judgment for purposes of appeal by the prisoner or by the state "as in a civil case as authorized by § 512.-020, RSMo 1959, V.A.M.S." The rule does not extend or enlarge the right of appeal in violation of Art. V, § 5, of the Missouri Constitution, 1945, V.A.M.S. The appeal of the state is duly authorized. State v. Parker, Mo., 413 S.W.2d 489, 490 [1], cert den. 390 U.S. 906, 88 S.Ct. 823, 19 L.Ed.2d 874; State v. Todd, Mo., 433 S.W.2d 550, 553 [1, 2]; State v. Nolan, Mo., 418 S.W.2d 51, 52 [1]; State v. Edmondson, Mo., 438 S.W.2d 237; State v. Gullett, Mo., 411 S.W.2d 227, 228 [3];

State v. Washington, Mo., 399 S.W.2d 109, 111 [1]. The respondent's motion to dismiss the appeal, ordered taken with the case, is overruled.

Next the defendant contends the order of the trial court setting aside the sentence and discharging the defendant should be affirmed because relief by way of an appeal has been refused by this court and the availability of an appeal as an effective remedy should be considered as res adjudicata. On July 27, 1967, the defendant filed in this court an application for a writ to require the trial court to hear the 27.26 motion which had been filed on June 20, 1967. This is cause No. 53,259. From our files it appears that the trial court found in the 27.26 proceeding under date of August 28, 1967, that the defendant had been denied his right to a direct appeal as the result of counsel's failure to file a notice of appeal within the time provided by law and the trial court granted the defendant fifteen days to file such notice of appeal. Within the time allowed, counsel for the defendant filed a notice of appeal, a copy of which was forwarded to the clerk of the supreme court together with a certified copy of the circuit court order of August 28 and they were filed as cause No. 53,314. On October 9 orders were made in this court disposing of each of the cases. In file No. 53,314 the appeal from the judgment of conviction was dismissed as not being timely filed. In file No. 53,259 this court entered its order denying defendant's petition for a writ of habeas corpus or, in the alternative, for a writ of mandate, and on its own motion directed the circuit court to take further action in the 27.26 proceedings because the circuit court by its order of August 28, 1967, did not "make proper final disposition of the petitioner's motion to vacate and set aside said sentence and judgment". Thereafter, the circuit court conducted a plenary hearing and rendered the judgment from which this appeal was taken.

██ The orders entered by this court on October 9, 1967, in No. 53,259, William

Frey v. State of Missouri, and No. 53,314, State of Missouri v. William Frey, were not a disposition on the merits and are not res adjudicata of the issues now before the court. This is apparent on the face of the records in this court. The defendant's contention is denied.

The state concedes that the defendant is an indigent person and as such is entitled to the effective assistance of appointed counsel in the trial court and on appeal and a failure to provide such assistance is a denial of constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 83 A.L.R.2d 733; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Entsminger v. Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33; Donnell v. Swenson, D.C., 258 F.Supp. 317. The state further concedes that Frey was unconstitutionally deprived of his direct appeal and the effective assistance of counsel because of the failure of counsel to file a timely notice of appeal regardless of his motive in so doing. The transcript of the record bears out the propriety of this concession.

The state contends, however, that the trial court lacked jurisdiction to vacate the judgment and discharge the respondent Frey because the constitutional infirmity occurred in the supreme court and only the supreme court could grant relief. Respondent Frey, on the other hand, contends that S.Ct. Rule 27.26 provides the exclusive procedure for attacking the sentence and judgment. The parties cite State v. Schaffer, Mo., 383 S.W.2d 698, and other cases dealing with the scope of review contemplated by a 27.26 motion. In Schaffer a notice of appeal was filed and the defendant had had his review on direct appeal although without benefit of counsel in the supreme court. See 354 S.W.2d 829. This was before the decision

of the United States Supreme Court in Douglas v. California and succeeding cases in that category. The attack made in 383 S.W.2d 698 involved setting aside the judgment of this court affirming the judgment of conviction. In that situation it was held the proper remedy was to file a motion in the supreme court to set aside its judgment affirming the conviction and to re-docket the case for another hearing in the appellate court. In the instant case the state points out that the supreme court by Rules 28.07 and 82.07 has provided that on a proper showing within the time specified a special order authorizing the filing of a notice of appeal out of time may be obtained from the appropriate appellate court. These authorities, however, are not determinative in the present situation.

The case of Williams v. United States, 402 F.2d 548, a decision by the Eighth Circuit Court of Appeals rendered October 31, 1968, is decisive of the remaining issues of this appeal. The Williams case is an appeal from a final order of the U.S. District Court for the Eastern District of Missouri denying a motion under 28 U.S.C.A. § 2255 challenging the validity of the defendant's sentence on the ground that he was deprived of effective assistance of counsel following his conviction and sentence which caused him to lose his right of appeal. The post-conviction remedy provided by S.Ct. Rule 27.26 is the same in substance as that provided by a motion under 28 U.S.C.A. § 2255 relating to the judgments of federal courts in criminal cases. State v. Thompson, Mo., 324 S.W.2d 133, 135 [1–3].

Williams was convicted on two counts of buying and selling heroin and was sentenced to ten years imprisonment. After-trial motions were overruled May 26, 1964. The next record entry was on September 16, 1964, when a motion by Williams for leave to file notice of appeal was denied on the ground that it was untimely. Thereafter he filed in district court his motion under § 2255 which was denied and Williams appealed. The questions determined

on appeal related to the availability of relief under § 2255 in such a situation and whether the defendant had effective assistance of counsel following his sentence.

The evidence established that Williams at all times desired an appeal. His court-appointed counsel so understood but he took no steps to perfect an appeal until long after the time for doing so had expired. The holdings particularly pertinent to the case at bar are: The period between the date of sentence and the expiration of the time allowed for appeal is a critical stage of criminal proceedings and the defendant's constitutional right to counsel covers such period. 402 F.2d 548, 552 [5]. The record showed that the defendant, despite his desire to appeal, had been abandoned by court-appointed counsel during the period allowed him for taking an appeal. 402 F.2d 548, 552 [6]. The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so constitutes such extraordinary inattention to client's interests as to amount to ineffective assistance of counsel cognizable on motion to vacate. 402 F.2d 548, 552 [7].

We conclude in accordance with Williams v. United States that the trial court in this case had jurisdiction to hear and determine the motion under S.Ct. Rule 27.26 to vacate the sentence, but that portion of the order discharging the defendant is clearly erroneous. Appropriate relief can be accorded the defendant short of an outright discharge. As stated in the Williams case, "the objective of granting a defendant an appellate review of which he has been unconstitutionally deprived is generally accomplished by means of vacating the sentence and remanding the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence." 402 F.2d 548, 552 [8]. The Eighth Circuit Court of Appeals followed that procedure and we follow it here.

In assessing and imposing sentence, the trial court is vested with the same authority and discretion possessed by the trial court that originally performed that function and, among other things, will consider the time the respondent Frey has already served. Williams v. United States, 402 F.2d 548, 552, footnote 1; State v. Grant, Mo., 380 S.W.2d 799, 803–804 [4–10]; Holbert v. State, Mo., 439 S.W.2d 507, decided March 10, 1969.

Accordingly, we reverse the order and judgment of the trial court and remand the cause with directions to vacate and set aside the sentence imposed upon William Dean Frey on November 19, 1963, and to resentence him, and for further proceedings consistent with this opinion.

All of the Judges concur.