**Jerome HOLLAND, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56759.

Supreme Court of Missouri,
Division No. 1.

May 8, 1972.

Pohlmann & Dieckman, Lloyd F. Dieckman, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Judge.

On December 12, 1929, defendant was convicted by a jury of first degree murder and sentenced to life imprisonment. No appeal was taken. On January 21, 1971, the defendant filed a motion pursuant to Rule 27.26, V.A.M.R., to vacate the judgment and sentence. The trial court held an evidentiary hearing, made findings of fact and conclusions of law, and overruled the motion. Defendant appeals. We affirm.

On this appeal, the sole issue is whether the defendant was denied his constitutional right to the effective assistance of counsel at the time of and shortly after his trial in 1929. This is based on defendant's claim that he was denied the right of direct appeal and denied effective assistance of counsel because of absence of counsel during critical stages of his trial.

At the 27.26 hearing, defendant testified that he had been represented by court appointed counsel. Defendant stated that the jury foreman returned to the court room after the jury had retired to consider its verdict and asked the judge if the defendant could be found guilty of manslaughter. The judge informed the foreman " . . . 'No', says he didn't instruct them, you know, in regard to any manslaughter." Later the foreman returned to the court room and asked the judge if the jury could recommend parole in three years. " . . . [T]he judge told them they could . . . [A]nd the jury come back, and the jury did recommend me to be paroled in three years." [1] Defendant testified his counsel was not present in the court room during either conversation between the judge and the foreman.

The defendant gave the following testimony concerning appeal: " . . . [H]e [counsel] was there . . . appeared, when I was sentenced. And he told me that he was going to appeal my case. And my case was never appealed . . . He

1. The verdict of the jury as set forth in the judgment record contains no recommendation.

said there was a error in the case, some kind of error. I don't know what it was, some kind of reversible error or something. And I asked him what that was, and he——

" . . .

" . . . Error, yes, said there was error in my case, and, I don't know. And I wrote him five different letters in regards to appealing my case, and he never did appeal it."

The counsel who had represented defendant has died. The record does not show what has happened to the prosecutor or the original trial judge, but the events in question took place some 42 years ago, so it is unlikely that either could have been an available witness. Only portions of the court records concerning the conviction in 1929 could be found. There was no transcript available.

The trial court found "There is no evidence that movant's counsel wrongfully obstructed the filing of an appeal by movant"[2] and "The Court fails to find as a fact that movant's attorney was not present when the trial judge answered any questions posed to [by?] the deliberating jury."

It is true that the state put on no evidence and that no one testified to a different state of facts than that given by defendant in his testimony. Granted that before around 1960, there would not have been much point under the decisions in defendant's making his present request, the fact remains that defendant is asking the court to take his word on events occurring 42 years ago, when there are no witnesses available to contradict him, on matters in which defendant has strong self-interest. There were certain inconsistencies in his testimony, and on the record before us we cannot say the findings of the trial court were clearly erroneous, see Rule 27.26(j), nor can we agree that simply because there was no evidence offered by the state that defendant, under this record, has established violation of his constitutional rights to the point that in absence of the state's establishing a waiver, he would be entitled to relief.

Judgment affirmed.

HOLMAN, P. J., and PRITCHARD, Special Judge, concur.

BARDGETT, J., not sitting.

---

2. We take this to mean the court did not believe defendant's lawyer promised to take an appeal or led defendant to believe so or that defendant informed counsel he wanted to appeal. This is a fact issue, the resolution of which turns on defendant's credibility. Williams v. United States (CCA8) 402 F.2d 548; Green v. State (Mo.Sup.) 451 S.W. 2d 82; State v. Frey (Mo.Sup.) 441 S.W.2d 11.