STATE of Missouri, Respondent,

v.

Charles BRATTON, Appellant.

Nos. 37542 and 37543.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 8, 1977.

William J. Shaw, Public Defender, David M. Adams, Asst. Public Defender, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Paul R. Otto, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Clayton, for respondent.

206

ALDEN A. STOCKARD, Special Judge.

Charles Bratton has appealed from the judgment of the Circuit Court of St. Louis County denying all relief sought in two consolidated motions filed pursuant to Rule 27.26.

Appellant was charged pursuant to the Second Offender Act, § 556.280 RSMo 1969, with at least two counts of robbery in the first degree by means of a dangerous and deadly weapon. He was found guilty by a jury of both charges and was sentenced by the court on each count to the custody of the Department of Corrections for a term of twenty years, the sentences to be served concurrently. He also entered a plea of guilty to at least two charges of robbery in the first degree with a dangerous and deadly weapon, and was sentenced as to each charge to the custody of the Department of Corrections for a term of twenty years, these sentences to be served concurrently with the previously imposed sentences. We note here that appellant alleged that he received four sentences of twenty years each, in its findings of fact the trial court stated he received five sentences of twenty years each, and in the State's brief it is asserted that he received three sentences of twenty years each. The record if any, made at the time of the pleas of guilty were made is not before this court. There is what appears to be a transcript of the proceedings in the jury trial, but it does not contain a copy of the indictment or information, the instructions, the verdict, or the judgment. In view of the action we take on this appeal, the record can be and should be made to conform to the facts in the event of another appeal.

In the consolidated motions pursuant to Rule 27.26, appellant purports to challenge the validity of all the sentences, and he alleged numerous grounds for relief, two of which are that (a) he hired one lawyer but another without his consent represented him at the trial, and (b) both lawyers "promised [him] that a motion for a new trial would be filed and an appeal taken," but that without his consent or knowledge no motion was filed and no appeal was taken. These contentions refer only to the case tried before the jury, and they are the only contentions presented in appellant's brief to this court. It therefore appears that he has abandoned his challenges to the pleas of guilty.

Appellant testified at the hearing on the two motions that he discussed with the two lawyers whether an appeal should be taken; that one of the lawyers told him that he "was filing a motion for new trial * * * and * * * if it was denied he was filing an appeal;" that he told his lawyer that he wanted to appeal; that the lawyer later told him that the motion for new trial had been filed and was under consideration; and that at a later time the lawyer told him the motion had been denied and that he would file an appeal. He also testified that he never told his lawyers that he did not want to take an appeal. It is admitted that no motion for new trial or notice of appeal was ever filed. Neither lawyer was called as a witness and the State presented no evidence.

In *State v. Frey*, 441 S.W.2d 11, 15 (Mo. 1969), it was recognized that if a defendant desires to appeal his conviction, and his lawyer, without explanation, fails to perfect the appeal "such extraordinary inattention to a client's interests as to amount to ineffective assistance of counsel [is] cognizable on motion to vacate."

The trial court entered findings of fact and conclusions of law, but it made no findings of fact or conclusions of law pertaining to the contention that contrary to his instructions and without his knowledge no appeal was perfected. It did find that "various allegations as to improper representation of counsel are refuted by [appellant's] own statement at the time of sentencing that he had no complaint" as to his representation by counsel. But it was subsequent to sentencing that the alleged failure to perfect an appeal occurred, and therefore, this finding did not pertain to the allegations that counsel failed to perfect an appeal.

This case must be remanded to the trial court for findings of fact and conclusions of

law on all issues as contemplated by Rule 27.26(i) on the record made, or upon the record as supplemented after proper notice to all parties.

We see no occasion to review this appeal on a piecemeal basis. We defer any ruling on the contention presented in appellant's brief pertaining to the change of trial counsel until all issues are before us for review.

In the event the trial court finds appellant's right to appeal to have been improperly infringed, it should be guided in the action to be taken by *Jones v. State*, 445 S.W.2d 311 (Mo.1969); *Green v. State*, 451 S.W.2d 82 (Mo.1970), and *State v. Frey*, supra.

The judgment is reversed and the cause remanded.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.