**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Marka C. WARD, Defendant/Appellant.**

**No. 58280.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1991.

Marcie W. Bower, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Judge.

Defendant Marka C. Ward appeals conviction for attempted robbery in the first degree. Section 571.015 RSMo 1986. He claims error in allowing closing argument which personalized the jury and an argument which degraded defense counsel. We affirm.

The first complaint fails because the record disproves the event regarding personalization of the jury. The prosecutor began, but did not complete an argument which may have been intended to substitute a concern for jurors defending a not guilty verdict for the proper function of the jury, to determine guilt or innocence of the defendant based on the law and the evidence. The prosecutor said, "And when this case is over the court will lift its admonition against you telling anybody about this case. And your friends will ask you —." Defense counsel objected claiming the argument was highly improper because "[t]his is commenting on what the jury—on

their emotions. It has nothing to do with the evidence." The prosecutor immediately said, "I will rephrase the argument." The court then said, "Please." The prosecutor continued his argument by asking the jury to look at the evidence, by summarizing the evidence and by concluding with a request that from the evidence the jury arrive at a verdict.

The trial court committed no error. Before the court ruled the prosecutor, in effect, offered to withdraw any objectionable argument. The statement of the court did not overrule defendant's objection. Rather, it approved the necessity for rephrasing the argument. What followed was not objectionable. Under the circumstances defendant was granted the relief he sought and nothing is preserved for review. *State v. White*, 782 S.W.2d 461, 465 (Mo.App. 1990).

■ We also find defendant's second contention is without factual foundation. The argument which the trial court permitted, over objection, was directed at strategy and tactics of defense counsel when cross examining a police officer, not at the personal integrity of defense counsel. Some testimony of the officer was not included in the police report and may have been contradicted by the report. In order to support credibility the prosecutor argued:

> We have a force of evidence before you and the defendant thinks by defense counsel pulling up weeds that the whole force will fall and it just doesn't happen ... for counsel like Ms. Jones it's not going to be hard to slip someone up somewhere along the line about something that happened a year ago. Police reports, they are only used to refresh memory as best as possible ... so that's an argument. That's trickery.

■ Personal attacks on defense counsel by the prosecutor may be improper and prejudicial. *State v. Hornbeck*, 702 S.W.2d 90 (Mo.App.1985), *State v. Harris*, 662 S.W.2d 276 (Mo.App.1983). On the above facts we find the argument was directed at the tactics or technique of defense counsel, not at the character or integrity of defense

counsel. The argument suggests that defense counsel is capable and skillful but the discrepancies developed in cross examination should not destroy credibility of the prosecuting witness. The subject matter of the argument was proper. The argument was an appeal to the jury not to be deceived by minor inconsistencies in the evidence. It could have been better phrased. In context the argument did not imply defense counsel was personally dishonest. Nor did it create a setting for finding defendant must be guilty because of misconduct or bad reputation of his counsel.

■ If we were reviewing a matter of preserved error we would reject the argument. We note that this claim was not made in defendant's motion for new trial. For that reason this argument is reviewable only as a matter of plain error, Rule 30.20, *State v. Ball*, 622 S.W.2d 285, 291 (Mo.App.1981), and denied.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.