**STATE of Missouri, Respondent,**

v.

**Irvin D. BURNETT, Appellant.**

**Nos. WD 50272, WD 51873.**

Missouri Court of Appeals, Western District.

Aug. 27, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1996.

Application to Transfer Denied Nov. 19, 1996.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, C.J., and
BRECKENRIDGE and SPINDEN, JJ.

ULRICH, Chief Judge, Presiding Judge.

Irvin Burnett appeals his convictions and sentences for murder in the second degree, section 565.021.1, RSMo 1994, assault in the first degree, section 565.050, RSMo 1994, and two counts of armed criminal action, section 571.015.1, RSMo 1994. Mr. Burnett also appeals the denial of his Rule 29.15 postconviction motion after an evidentiary hearing.

The judgment of conviction is affirmed. The judgment denying the Rule 29.15 postconviction motion is affirmed.

Irvin Burnett accompanied Glenda McHenry to get Ms. McHenry's cousin, Marvin Jackson. Mr. Jackson had agreed to help Mr. Burnett fix a lawn trimmer at Mr. Burnett's home. Upon arriving at Mr. Burnett's house, the two men went to the basement to repair the trimmer. Meanwhile, Ms. McHenry prepared sandwiches for lunch.

The trio then sat around the kitchen table eating lunch and conversing. Mr. Burnett got up from the table and went to the basement alone. When he returned, he initiated an altercation with Mr. Jackson by accusing him of dating Ms. McHenry. Ms. McHenry and Mr. Jackson were both seated at the table. Ms. McHenry stood up between the two men with her back to Mr. Burnett; Mr. Jackson was still seated at the table. Ms. McHenry felt Mr. Burnett stab her three times in the back. Mr. Jackson arose from the table and attempted to take the knife away from Mr. Burnett. During the skirmish, Mr. Jackson was fatally stabbed in the chest with the knife. Ms. McHenry exited the house and called police from a neighbor's house.

When the police arrived, Ms. McHenry was staggering in the middle of the street, and Mr. Jackson was lying unconscious on

the ground. Mr. Jackson died as a result of a single stab wound to his heart. The police arrested Mr. Burnett. He told police officers that Mr. Jackson had tried to intervene in a fight he was having with Ms. McHenry. He admitted that he stabbed Mr. Jackson and said he did not care if Mr. Jackson died. He expressed concern for Ms. McHenry. He told police officers they would find the knife in the house.

Mr. Burnett made another statement to the police later that day. This time he claimed that Mr. Jackson punched him several times, and it was only after he was punched that he stabbed at Mr. Jackson with the knife. At trial, Mr. Burnett presented yet another variation of his story in which he asserted that he stabbed Mr. Jackson in self-defense and accidentally stabbed Ms. McHenry.

Following closing arguments and deliberation, the jury returned verdicts of guilty on the charged offenses. Mr. Burnett filed a timely appeal and also filed a Rule 29.15 post-conviction motion. An evidentiary hearing was held on the motion. The motion court entered findings of fact and conclusions of law, overruling Mr. Burnett's motion. The appeals are consolidated.

## I.  Plain Error in Closing Arguments

In Mr. Burnett's first point on appeal, he claims the trial court plainly erred in failing to *sua sponte* declare a mistrial, or at least *admonish* the prosecutor, when the prosecutor, during closing argument, argued that defense counsel attempted to deceive the jury with "smoke screens, mirrors and trickery." He also asserts that the prosecutor argued defense counsel coached the testimony of Mr. Burnett to fabricate a defense and that this degraded the defense and prevented defendant from receiving a fair trial.

No objection was made at trial, and this issue was not raised in Mr. Burnett's motion for new trial. Therefore, Mr. Burnett seeks plain error review pursuant to Rule 30.20. In order to receive plain error

relief, the error must substantially affect the rights of the accused so that, if left uncorrected, it would result in manifest injustice. *State v. Mishler,* 908 S.W.2d 888, 893 (Mo. App.1995).

Mr. Burnett points to several segments of the prosecutor's argument in which he claims inappropriate attacks were made on the defense. In general, these arguments ask the jury not to be deceived by diversions. The following portions of the prosecution's closing argument are improper, Mr. Burnett argues, and the trial court should have, at a minimum, reprimanded the prosecution:

> Next thing I want to go through, ladies and gentlemen, are what I call the smoke screens, mirrors, and other assorted tricks that have been deliberately used in this case in a conscientious effort to trick you. These are phantom issues and in law school on a law exam the professor will call them red herrings. That is an attempt to distract you from what is important.

\* \* \*

> Ladies and gentlemen, I just want to start out by saying, with all due respect, I consider myself to be a respectful person. I consider Mr. McMullin's argument, for the most part, to be shameful because he has stood before you and, in effect, stated to you that you must find his client not guilty because he's been practicing before this court for 44 years; that he doesn't cheat; that he doesn't do that. No one is talking about Mr. McMullin. He is not on trial here. His client is on trial, Irvin Burnett. This is, once again, an illustration of what Mr. Hughes said in the first place. We are talking about trickery, diversion, trying to divert your attention from the essential issue in this case. And it is shameful.

\* \* \*

> [Mr. Burnett] was struggling, trying to do his best to keep up with the coaching, the orchestration of this defense.

Prosecutors are given wide latitude in arguing to the jury, and the trial court is vested with broad discretion in determining whether the attorney has exceeded the permissible scope of that argument. *State v. Blunk*, 860 S.W.2d 819, 821 (Mo.App.1993). Plain error relief as to closing argument should rarely be granted and is generally denied without explanation. *State v. Lawson*, 876 S.W.2d 770, 774 (Mo.App.1994).

The references to "smoke screens" and diversions were not a direct attack on defense counsel, as Mr. Burnett asserts, but were targeted at the trial tactics of the defense. Arguments directed at the tactics or technique of defense counsel, not his personal character, are permissible. *State v. Ward*, 807 S.W.2d 225, 226 (Mo.App.1991). The prosecutor may also comment on the credibility of the defendant as a witness and assert the improbability and untruthfulness of his testimony. *State v. Weaver*, 912 S.W.2d 499, 513 (Mo. banc 1995). The prosecution in this case attempted to show that Mr. Burnett's defense and testimony was improbable.

While most of the prosecutor's argument was within his adversarial role, his reference to Mr. Burnett being coached is the most questionable of his comments. However, even if argument is improper, a conviction will be reversed only if it is established that it had a decisive effect on the jury's determination. *State v. Parker*, 856 S.W.2d 331, 333 (Mo. banc 1993). There must be a reasonable probability that in the absence of the statement the verdict would have been different. *State v. Mishler*, 908 S.W.2d 888, 894 (Mo.App.1995).

In this case, nothing in the record supports a finding that the statements were of decisive significance so as to result in manifest injustice or a miscarriage of justice. No prejudicial effect resulted from the statements, and no plain error. Point one is denied.

## II. Ineffective Assistance Relating to Closing Arguments

Mr. Burnett's second point of error claims that the motion court erred in denying his Rule 29.15 motion because trial counsel was ineffective for not objecting to the state's closing argument. In order to establish ineffective assistance of counsel, appellant must show that defense counsel failed to exercise the customary skill and diligence of a reasonably competent attorney and that this deficient performance resulted in prejudice to him. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice exists only where counsel's act or failure to act is outcome determinative. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). Having failed on direct appeal to establish the prosecutor's argument had any effect on the outcome, the claim of ineffectiveness of counsel based on the same allegations should be denied. Issues raised and decided on direct appeal cannot be relitigated on a theory of ineffective assistance of counsel. *State v. Lawson*, 876 S.W.2d 770, 775 (Mo.App.1994). Mr. Burnett's second point is denied.

## III. Ineffective Assistance Relating to the Testimony of Ms. McHenry

For his final point on appeal, Mr. Burnett claims the motion court erred in denying his Rule 29.15 motion for post conviction relief after an evidentiary hearing because his trial counsel was ineffective in not objecting to the testimony of Ms. Versie McHenry that the defendant had threatened her with a knife on two occasions.

Review of the motion court's denial of post conviction relief is limited to determining whether the findings of fact and conclusions of law are clearly erroneous. Rule 29.15(j). Findings and conclusions are clearly erroneous if after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *State v. Storey*, 901 S.W.2d 886, 900 (Mo. banc 1995).

To prevail on a claim for ineffective assistance of counsel, the movant must satis-

fy a two prong test. First, he must show that counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and second, that this deficient performance resulted in prejudice to him. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). The movant has the burden of establishing these elements by a preponderance of the evidence. Rule 29.15(h); *Antwine v. State,* 791 S.W.2d 403, 406 (Mo. banc 1990), *cert. denied,* 498 U.S. 1055, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991). The movant must overcome the presumption that counsel is competent. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

■ Mr. Burnett's alleges his counsel was ineffective in failing to object to the testimony of Versie McHenry. Ineffective assistance of counsel will not be established solely because counsel failed to object. *State v. Hamilton,* 892 S.W.2d 371 (Mo.App.1995). During cross examination of Versie McHenry, defense counsel received the following responses:

Q: I take it you don't like Mr. Burnett at all?

A: I do not like him. He have pulled a knife on me, he have talked all kind of talk to me in my house. He used to stay in my house. He done everything degrading to me. No, I don't like him.

Q: Did you prosecute him for, quote, "pulling a knife on you"?

A: No.

Q: Didn't call the police?

A: No, I didn't call the police; I ran him out of my house.

Q: And I suppose he did that more than one time?

A: He did it at least twice. It didn't make any difference if I told him not to come to my house, he told me any-

where his woman was he was going to come, he was invited.

■ Trial counsel was attempting to demonstrate by these questions that Ms. McHenry had a prejudice against Mr. Burnett. At the evidentiary hearing, trial counsel stated that he did not object to the testimony because he did not want to emphasize that portion of her testimony. Appellate courts will not review or reassess the judgment of trial counsel on questions of strategy, trial tactics or trial decisions. *State v. Brasher,* 867 S.W.2d 565, 570 (Mo.App.1993). The motion court was not clearly erroneous in denying movant's claim. Mr. Burnett's third point on appeal is denied.

The judgment of conviction is affirmed, and the judgment denying the Rule 29.15 postconviction motion is affirmed.

All concur.