**STATE of Missouri, Respondent,**

v.

**Roger A. HANSON, Appellant.**

No. 73050.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 26, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for Respondent.

KAROHL, Judge.

Defendant, Roger Hanson, was charged, tried, convicted and sentenced for violating section 195.202 RSMo 1994, possession of a controlled substance, methamphetamine. The trial court sentenced him to twelve years imprisonment as a prior and persistent offender. Defendant appeals on two grounds. We affirm.

On December 7, 1996, at approximately 2:00 a.m., Officer McAfee stopped a pickup truck with a non-functioning taillight. Once pulled over by the police officer, the truck left the scene. The officer pursued, but lost sight of the truck because his patrol car became stuck in the mud. He noticed two individuals in the truck, but could not describe them. He was able to obtain the license plate number of the truck. He contacted his dispatcher and learned the identity of the truck's owner. He contacted the owner who told the officer defendant might have been driving the truck.

At 6:00 a.m. on the same night while on patrol with another officer, Officer McAfee saw defendant in the passenger seat of a vehicle at a fast-food, drive-through window. The officers stopped the vehicle and asked defendant to step out. Defendant complied. Officer McAfee asked defendant to sit in his patrol car because it was cold outside. He wanted to question defendant about the truck incident earlier that night. Before placing defendant in the patrol car, the officer conducted a pat down search of defendant for his safety. He felt a large mass and pen-shaped objects possibly in defendant's coat pocket. Defendant told the officer that he did not possess a weapon. When asked about the contents of his pocket, defendant told the officer to put his hand in his pocket to discover the contents. The officer reached into the pocket and pulled out a syringe. Immediately after, defendant fled. The officer chased defendant into a cornfield, but lost sight of him. The officer marked an "X" in the damp ground designating where defendant entered the cornfield.

Officer McAfee contacted the canine unit. The dog was unable to pick up a scent. The canine officer and McAfee entered the field at the "X" and within the first three rows of corn, the officers discovered a dry dollar bill wrapped around a plastic bag containing a white powdery substance later identified as methamphetamine. Defendant turned himself in later that day.

In his first point on appeal, defendant argues the trial court plainly erred by not declaring a mistrial *sua sponte* when it allowed certain comments to be made by the prosecutor during rebuttal closing argument. Defendant failed to object to the comments at trial, and he did not preserve the issue in his motion for a new trial. Therefore, he seeks plain error review pursuant to Rule 30.20. In order to receive plain error review,

the error must substantially affect the rights of defendant so that, if left uncorrected, manifest injustice would result. *State v. Burnett*, 931 S.W.2d 871, 874 (Mo.App. W.D.1996).

The relevant portion of the argument was:

[Defendant] that evening or that morning I guess it would be first tried to get out of it by telling Officer McAfee well what's this all about, what's this about. Okay. That didn't work. Officer McAfee persisted that he wanted to talk to him so he indicated he needed to pat him down. He said well I don't have anything on me. Well, then he indicated that what he felt wasn't a weapon. It's not a weapon. Well, Officer McAfee persisted doin' his job. Reached in there, found the syringe.

Well, then the next way he's gonna try to get out of it is to run. So he runs from Officer McAfee. Officer McAfee runs after him. Well, he knows he's still got the methamphetamine on him so the next way he's gonna try to get out of it is it [sic] toss it. So he tosses it.

Well, that didn't work. He got charged. So he comes in and after he gives a statement to the police he goes and hires an attorney and [his attorney's] and very good attorney. He's done a very good job here today. He's very experienced. But the next way he's gonna try and get out of it is have an attorney trick you all into thinking he didn't do anything wrong and we didn't prove our case.

■ Plain error relief as to closing argument should rarely be granted and is generally denied without explanation. *Burnett*, 931 S.W.2d at 875. During closing, the prosecutor made reference to defense counsel as trying to trick the jury into thinking defendant did nothing wrong. The reference was aimed at the defense counsel's trial strategy, not his character or integrity. Arguments directed at the tactics or techniques of defense counsel are permissible. *State v. Ward*, 807 S.W.2d 225, 226 (Mo.App.1991) (holding reference to defense counsel as using "trickery" was a permissible reference regarding defense counsel's technique and strategy).

Defendant also argues the prosecutor improperly commented on defendant's exercise of his right to counsel. Defendant contends the prosecutor wanted to show that defendant obtained counsel because he had something to hide and as such, it was an impermissible comment on defendant's right. We also review this under the plain error standard. While it may not be permissible to comment on defendant's right to counsel, we find that the prosecutor's comment did not substantially affect the rights of defendant so as to result in manifest injustice. Point denied.

■ In his second point, defendant argues the trial court erred in denying his motion to suppress the syringe and methamphetamine. Defendant contends those items are products of an invalid seizure. Before trial, defendant filed a motion to suppress the syringe, dollar bill, and the methamphetamine as the products of an illegal seizure. The trial court denied the motion. On appeal, defendant does not contest the admission of the dollar bill into evidence.

Officer McAfee was not a certified peace officer when he searched defendant. He began working for the Bowling Green Police Department in April 1996. Defendant was arrested on December 7, 1996. He turned himself in to a police department. Officer McAfee did not arrest him during the pursuit. Section 590.030 RSMo 1994 provides in relevant part: "[n]o arrest shall be deemed unlawful in any criminal or civil proceeding solely because the police officer is not certified under the terms of [sections] 590.100 to 590.180. Evidence on the question cannot be received in any civil or criminal case." Section 590.030 applies to arrests made by uncertified officers. The syringe was found during a consensual search before an arrest. In fact, defendant invited the officer to reach inside his pocket to discover its contents. The methamphetamine was not seized as a result of an illegal arrest. It was recovered in the cornfield where defendant fled from police. The police did not discover it in a search of defendant after an illegal arrest. The lack of certification at the time of defendant's arrest did not invalidate either the seizure of the syringe or the methamphet-

amine. The trial court properly denied defendant's motion to suppress. Point denied.

Affirmed.

AHRENS, P.J. and CRANDALL, J., concur.