**STATE of Missouri, Respondent,**

v.

**Steven L. BRAGGS, Appellant.**

**No. 73127.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1998.

---

4. Defendant challenges Plaintiff's first two "points relied on" as not in compliance with Rule 84.04(d). That contention is well taken. However, this decision is based upon Plaintiff's third point, which Defendant does not question on that basis. That point is in substantial compliance with Rule 84.04(d).

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Steven L. Braggs, was charged with possession of a controlled substance, in violation of section 195.202 RSMo 1994. A jury found him guilty. The trial court sentenced him to serve twelve years as a prior and persistent offender. Defendant contends the trial court erred in prohibiting him from calling a witness to testify on his behalf, or if the witness asserted his Fifth Amendment privilege against self-incrimination, to intro-

duce a prior statement of the witness. We affirm.

On July 12, 1996, Officer Schrand ran a license plate check on a vehicle with a tattered license plate expiration tag. The license plate had not been registered for three years. Officer Schrand followed and then stopped the vehicle. Two men were in the vehicle. The driver identified himself as defendant. When questioned about the ownership of the vehicle, he told the officer he purchased it from a friend for fifty dollars, but he did not have any registration papers for it. The officer called for back-up assistance.

When the additional officers arrived, they asked and received defendant's permission to search the car. A gap existed between the armrest of the driver's side door and the door panel. One of the officers conducting the search saw a rolled up envelope inside the armrest. The envelope contained a substance later identified as 3.53 grams of crack cocaine. The officers arrested defendant for possession of a controlled substance.

Defendant's trial began on February 24, 1997. After the state rested and the trial court dismissed the jury for recess, the trial court and counsel discussed the possibility of Andre Moore (Moore) testifying on behalf of defendant. Moore had given a statement to defense counsel attributing ownership of the vehicle to Moore or his brother. His statement made no reference to the crack cocaine found in the vehicle. The trial court, *sua sponte*, appointed an attorney to discuss with Moore the ramifications of his testimony. After his consultation with an attorney, Moore chose to invoke his Fifth Amendment privilege against self-incrimination.

Outside the presence of the jury, the trial court questioned Moore without objection from defense counsel. Moore told the trial court he intended to assert his Fifth Amendment privilege against self-incrimination if asked about anything other than his name and address. The trial court refused to permit defendant to call Moore to testify for the sole purpose of making him assert his Fifth Amendment privilege. Defendant did not object to this ruling. However, he made an offer of proof "that Mr. Moore has made a prior written statement to us, that I would have him identify that this is his signature. This does not state ownership of the vehicle." The statement was not included in the offer. The trial court denied the request. Defendant rested without putting on any evidence.

 In his sole point on appeal, defendant argues two issues to support his request for a new trial. First, defendant contends the trial court erred in prohibiting defendant from calling Moore as a witness because Moore had no federal or state constitutional right to claim a privilege not to answer questions to support a finding that his brother owned the vehicle. Secondly, the trial court erred in refusing to admit the statement Moore gave to defense counsel after Moore identified the statement because it was an admission against penal interest.

 Our review of defendant's point is for plain error because neither issue was preserved by objection nor was there a motion for a new trial. Plain error review is available only if the error substantially affects the rights of defendant so that, if left uncorrected, manifest injustice would result. *State v. Burnett*, 931 S.W.2d 871, 874 (Mo.App. W.D. 1996); Rule 30.20. Neither issue particularly qualifies where: (1) there was evidence in the form of defendant's statement that he "purchased" the vehicle; and (2) the witness's view on ownership of the vehicle would not have provided a defense to the charge.

 To the extent Moore's statement was self-incriminatory, defendant claims the statement was admissible as a declaration against Moore's penal interest. Declarations against penal interest made by an unavailable party in a criminal proceeding generally are not admissible. *State v. Williams*, 958 S.W.2d 87, 90 (Mo.App. E.D.1997). Such statements are admissible only when the statements, if admitted and believed, would exonerate defendant and when the statements meet the reliability requirements set forth in *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *State v. Turner*, 623 S.W.2d 4 (Mo. banc 1981). The requirements are: (1) the statements were in a very real sense self-incriminatory and unquestionably against interest;

(2) they were spontaneously made to a close friend shortly after the commission of the crime; and (3) they were corroborated by other evidence. *Turner*, 623 S.W.2d at 9. The statement was not offered to the trial court, and we do not have the statement before us. Defense counsel indicated Moore's statement would identify the owner of the vehicle as being either Moore or his brother. The statement did not mention the crack cocaine found in the vehicle. Even defense counsel's summation of the statement does not reveal a statement that is necessarily self-incriminatory. Additionally, the statement was made to defense counsel in preparation for trial, not to a close friend with whom he was likely to speak truthfully and it was not spoken shortly after the crime occurred. Finally, there is no additional evidence to support the statement. In fact, the evidence establishes that defendant told the officers he owned the vehicle. The statement does not fulfill any of the reliability requirements. Point denied.

Affirmed.

AHRENS, P.J. and CRANDALL, J., concur.