Lonnie MCCAIN, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29910.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 5, 2010.

Gwenda Renee' Robinson, St. Louis, MO, for Appellant.

Chris Koster, Attorney General and Jamie Pamela Rasmussen, Assistant Attorney General, Jefferson City, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Lonnie McCain ("Movant") was convicted by a jury of (1) assault of a law enforcement officer in the first degree, pursuant to section 565.081; [1] (2) misdemeanor driving while intoxicated (DWI), pursuant to section 577.010; and (3) misdemeanor driving while license was revoked (DWR), pursuant to section 302.321. His direct appeal was dismissed by this Court, pursuant to Rule 30.14, for failure to perfect the appeal. Movant then filed a motion for post-conviction relief, pursuant to Rule 29.15, [2] alleging ineffective assistance of counsel. After conducting an evidentiary hearing, the motion court denied the motion. Because the motion court's judgment was not clearly erroneous, we affirm.

### Facts and Procedural Posture

Movant was stopped by Trooper Wilmont, (Wilmont) after Movant was observed swerving from the shoulder of the road into the opposite lane of traffic. Wilmont testified that (1) Movant had slurred speech and blood-shot eyes; (2) Movant smelled of alcohol; (3) Movant's vehicle contained several open containers of alcohol; (4) Movant stated he did not have a

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Missouri Court Rules (2010).

valid driver's license or proof of insurance; (5) Movant admitted that he had been drinking; (6) Movant refused to submit to a breath test; (7) Movant failed three standardized field sobriety tests; and (8) while attempting to place Movant under arrest, Movant forcefully punched Wilmont in the chest, throat, face and jaw and wrestled him to the ground.

Following his convictions, Movant was sentenced as a prior and persistent offender to fifteen years for the assault, one year for the DWI, and one year for the DWR, all to be served concurrently.

Movant retained private counsel for the sentencing phase and postconviction motions. While Movant was free on appellate bond, a dispute ensued due to Movant's failure to pay for the appeal transcript and failure to maintain adequate contact with his counsel. Consequently, Movant's counsel filed a motion to withdraw which was granted by this Court. Subsequently, this Court dismissed the direct appeal, pursuant to Rule 30.14, because Movant failed to perfect the appeal.

Movant then filed a pro se motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 29.15, which was later amended by appointed counsel. At the evidentiary hearing, Movant testified that he did not learn of his attorney's withdrawal or dismissal of the appeal until February, 2008, approximately twenty months after the motion to withdraw was filed. The motion court entered its findings of fact and conclusions of law denying Movant's motion for postconviction relief. Movant appeals from the motion court's judgment.

### Standard of Review

■ Review of Movant's appeal is limited to whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Weekley v.* *State,* 265 S.W.3d 319, 322 (Mo.App. S.D. 2008). "Findings of fact and conclusions of law are clearly erroneous only when, after reviewing the entire record, this court is left with the definite and firm impression that a mistake has been made." *Bryan v. State,* 134 S.W.3d 795, 798 (Mo.App. S.D. 2004). Moreover, the findings of the motion court are presumptively correct and the movant bears the burden of proving otherwise.

### Points on Appeal

### Ineffective Assistance of Trial Counsel

■ Movant raises two points on appeal. In his first point, Movant contends that the motion court committed reversible error when it denied his claim of ineffective assistance of trial counsel. Movant claims trial counsel was ineffective because during opening statement and closing argument, trial counsel conceded Movant's guilt regarding the DWI and DWR charges, over Movant's express objections. Conversely, trial counsel testified that Movant agreed to the trial strategy, which included admitting Movant's guilt regarding these specific charges in order to gain credibility with the jury before asserting Movant's innocence with respect to the assault charge.

■ In order to prevail on a claim of ineffective assistance of counsel, Movant must establish by a preponderance of the evidence that "[trial] counsel's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney, and that the defendant was thereby prejudiced." *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996). Trial strategy formulated after a thorough investigation, however, is all but unchallengeable. *Id.* As such, this Court does not "review or reassess the judgment of trial counsel on questions of strategy,

trial tactics or trial decisions." *State v. Burnett,* 931 S.W.2d 871, 876 (Mo.App. W.D.1996). We defer to the motion court concerning matters pertaining to witness credibility. *Fortner v. State,* 186 S.W.3d 910, 912 (Mo.App. S.D.2006).

Movant speculates that but for trial counsel's purportedly unreasonable strategy, there was a reasonable probability that the outcome of the trial would have been different; however, the only evidence offered in support of this contention is the State's failure to introduce the results of a breathalyzer test. "Allegations in a post-conviction motion are not self-proving." *Cole v. State,* 223 S.W.3d 927, 931 (Mo. App. S.D.2007). Movant has the burden of producing evidence in support of his post-conviction relief claims by a preponderance of the evidence. *Armstrong v. State,* 983 S.W.2d 643, 647 (Mo.App. S.D.1999); Rule 29.15(i). Notwithstanding the absence of the results of the breathalyzer test, there was a litany of evidence which the jury could have relied upon to convict Movant of the DWI and DWR charges. Such evidence included: (1) Movant's slurred speech and blood-shot eyes; (2) Movant's inability to maintain his vehicle in a designated lane; (3) the presence of open containers of alcohol in Movant's vehicle; (4) the strong odor of alcohol emanating from Movant; (5) Movant's admission that he had been drinking; (6) Movant's refusal to submit to a breathalyzer test; (7) Movant's inability to pass three field sobriety tests; and (8) Movant's admission that he did not have a valid driver's license. Proof of intoxication by means of a chemical test is not required for a DWI conviction obtained pursuant to section 577.010. *State v. Farmer,* 548 S.W.2d 202, 205 (Mo.App. S.D.1977).

Trial counsel's testimony supports the claim that the decision to admit guilt was a reasonable trial strategy. The motion court found the testimony of Movant to be without credibility and instead chose to believe the testimony of trial counsel, which was its prerogative. The motion court found Movant's assertion that he was prejudiced by the strategy speculative and conclusory. Moreover, the motion court found that the strategy was not ineffective given Movant's prior convictions of felony burglary, robbery, and armed criminal action and the extent of the evidence against him. Finally, the motion court found that Movant was not prejudiced by the strategy. Trial counsel's performance did not fail to conform to the degree of skill, care and diligence of a reasonably competent attorney. After reviewing the entire record, this Court is not left with a definite and firm impression that a mistake was made. Point I is denied.

### Ineffective Assistance of Appellate Counsel on Direct Appeal

In his second point, Movant asserts that the motion court clearly erred when it denied his claim of ineffective assistance of appellate counsel. Specifically, Movant asserts appellate counsel, on the direct appeal, was ineffective because he withdrew without providing notice to Movant which ultimately caused the appeal to be dismissed for failure to perfect the appeal.

The test for ineffective assistance of appellate counsel is "essentially the same as that employed for trial counsel ... the movant must show deficient performance of counsel and resulting prejudice." *Evans v. State,* 70 S.W.3d 483, 485 (Mo.App. W.D.2002) (internal citation omitted). Moreover, there is a strong presumption that counsel provided adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Walker v. State,* 34 S.W.3d 297, 300 (Mo.App. S.D.2000). "[I]t is only where the defendant in a criminal

case wishes to appeal and his attorney either refuses or negligently fails to pursue the appeal that the question of ineffective assistance of counsel arises." *Chastain v. State*, 688 S.W.2d 58, 61 (Mo.App. S.D.1985).

In this case, appellate counsel testified that he sent between 12 and 15 letters to Movant, but communication with Movant became attenuated as time passed. Additionally, appellate counsel testified that he had a conversation with Movant and Movant's family and informed them that he was withdrawing from the case. Movant conceded that appellate counsel sent a letter to his last known address, informing Movant that he had five days to remit payment for expenses incurred and services to be rendered otherwise counsel would withdraw, but Movant asserts that he never received such letter.

Notwithstanding the fact that Movant never remitted payment or attempted to contact appellate counsel within the allotted five-day period, appellate counsel sent Movant a second notice of his intent to withdraw. Only one letter sent from appellate counsel to Movant was returned as "unclaimed" despite Movant's failure to inform appellate counsel that his mailing address had changed. Furthermore, this Court required appellate counsel to evince that a notice of his withdrawal was sent to Movant before the motion was granted. Approximately one month after the motion was granted, this Court sent Movant notice that the appeal was docketed for dismissal. Fifteen days after such notice was sent, this Court entered an order of dismissal for failure to perfect.

Despite the multiplicity of such notices, Movant testified that he never received any notices concerning the dismissal of his appeal or appellate counsel's withdrawal. The motion court found Movant's testimony to be without credibility. Furthermore,

the motion court found that appellate counsel withdrew only after Movant failed to maintain contact with counsel and remit payment for appellate representation. The motion court found that appellate counsel was not ineffective, owed no duty to Movant after his withdrawal, and Movant failed to satisfy his burden of proving prejudice.

Movant relies principally on two cases in support of his proposition that counsel was ineffective: *State v. Frey*, 441 S.W.2d 11 (Mo.1969) and *State ex rel. Hahn v. Stubblefield*, 996 S.W.2d 103 (Mo.App. E.D. 1999). Both cases are distinguishable from the instant case. Unlike the instant case, in *Frey*, the attorney admitted that he deliberately chose not to file an appeal, in direct contradiction to his client's express wishes, because he thought it was in the best interests of his client. *Frey*, 441 S.W.2d at 12–13. Additionally, the attorney did not inform his client of this decision even though the client continued to write the attorney and the clerk of the court seeking the status of his appeal. *Id.* at 13. Similarly, in *Stubblefield*, the attorney admitted that the cause of the untimely appeal was through no fault of the defendant; rather the attorney asserted the cause of the late appeal was the circuit clerk's inability to correctly file the notice. *Stubblefield*, 996 S.W.2d at 104–05. Unlike in *Frey* and *Stubblefield*, here Movant failed to take steps to perfect the appeal notwithstanding counsel's admonishment to Movant that he obtain immediate legal assistance. Additionally, unlike the facts of *Frey* and *Stubblefield*, Movant was afforded sufficient time in which to perfect the appeal after appellate counsel provided notice of his intent to withdraw—counsel sent his final notice on May 11, 2006, and the appeal was dismissed on July 11, 2006. Finally, unlike the cited cases, here the failure to perfect the appeal was not the

result of appellate counsel's negligence or refusal to pursue the appeal; rather the failure to perfect the appeal was a result of Movant's omissions.

The record supports the finding that appellate counsel was not negligent in failing to pursue the appeal and therefore the motion court's finding that he was not ineffective was not clearly erroneous. Point II is denied.

After reviewing the entire record, we are not left with the definite and firm impression a mistake has been made. The motion court's finding that Movant did not receive ineffective assistance of counsel is supported by the record. Consequently, we do not find the motion court's findings and conclusions are clearly erroneous.

The judgment of the motion court is affirmed.

SCOTT, C.J., and RAHMEYER, P.J., Concur.