STATE of Missouri, ex rel, Billy HAHN, Petitioner,

v.

Eugene STUBBLEFIELD, Respondent.

No. 75034.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

July 6, 1999.

Craig A. Johnston, Office of the Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for Respondent.

PAUL J. SIMON, Presiding Judge.

In a petition for habeas corpus, Billy Hahn, petitioner, attacks the lawfulness of his detention by the Superintendent of the Missouri Eastern Correctional Center (prison), Eugene Stubblefield, respondent. Petitioner was found guilty of sodomy and first degree sexual abuse, and sentenced to concurrent terms of twenty years and five years, respectively. Petitioner's sentences for sodomy and sexual assault are to run consecutive to three concurrent five year sentences for prior convictions of second degree assault, which he completed serving on June 2, 1999. Petitioner alleges that he is entitled to relief because he is unlawfully restrained by respondent in that his trial counsel abandoned him by failing to file a timely notice of appeal. More specifically, petitioner alleges that he desired an appeal and thought one was proceeding, but later learned after the time to file notice of appeal, late notice of appeal, and Rule 29.15 motion, that he had been abandoned by trial counsel. Petitioner alleges that even though he did not file a Rule 29.15 motion, a habeas corpus action lies since he was unaware that his appeal was not proceeding and the denial of his appeal results in a manifest injustice, arising from rare and extraordinary circumstances.

On April 17, 1995, petitioner was charged by amended information in the St. Charles County Circuit Court with sodomy (Count I), section 566.060 RSMo 1994 (all future references will be to RSMo 1994 unless otherwise indicated), and first degree sexual abuse (Count II), section 566.010, for events alleged to have occurred on or about July 3, 1994. On April 19, 1995, a jury found petitioner guilty on Counts I and II. Subsequently, petitioner's counsel, an assistant public defender, filed a motion for a judgment of acquittal, or in the alternative, for a new trial on May 12, 1995, which was denied by the trial court.

On July 21, 1995, the trial court found petitioner to be a prior and persistent offender, pursuant to section 558.016, and sentenced him to twenty years imprisonment as to Count I, to run concurrently with a sentence of five years imprisonment as to Count II. Both sentences were ordered to run consecutively to three concurrent five year sentences petitioner was already serving for second degree assault, section 565.060. Counsel appeared with petitioner at the sentencing.

Petitioner's notice of appeal was not filed. However, on June 13, 1997, approximately twenty-six months after petitioner's trial had ended, counsel filed a motion for leave to file a late notice of appeal stating that the failure to file a timely notice of appeal was through no fault of petitioner and that: (1) procedure in the Office of the Public Defender dictated that subsequent to petitioner's trial, counsel collect the necessary paperwork and documents to present to the district secretary for completion and filing; (2) she followed said procedure and filed the necessary paperwork and documents, including petitioner's signed motion to file his notice of appeal as a poor person with the district secretary; (3) the district secretary at that time was Barb Chance (Chance), who no longer works in the Office of the Public Defender; (4) on June 6, 1997, counsel learned from petitioner that he did not believe a notice of appeal had been filed; (5) upon investigation into the matter, counsel discovered that petitioner's notice of appeal had not been filed; (6) upon further investigation,

counsel discovered that the district secretary subsequent to the departure of Chance, Jo Krehmeyer, who no longer works in the Office of the Public Defender, had experienced difficulty with the Circuit Clerk's Office of St. Charles County, in that it failed to file notices of appeal correctly; and (7) if counsel had learned of the problems associated with petitioner's notice of appeal at an earlier date, she would have taken every necessary step to correct the matter. A completed notice of appeal accompanied the motion. On June 18, 1997, the motion was denied.

On September 24, 1998, petitioner filed his petition for writ of habeas corpus (petition) alleging in paragraph one that our jurisdiction is invoked pursuant to Rule 91.02 and Section 532.000. In paragraph two, he alleged that he was an inmate at the prison and that respondent was the Superintendent at the prison. In paragraph three petitioner alleged that upon being found guilty of sodomy and first degree sexual abuse, he was sentenced by the trial court as a prior and persistent offender and that counsel was not present at the sentencing. Further, petitioner alleged that he was charged by an amended information as a prior offender and that he was unable to seek relief from his present convictions by direct appeal or pursuant to Rule 29.15 because he was abandoned by counsel immediately after being found guilty of Counts I and II. Petitioner also alleged that he had no knowledge of counsel's abandonment until "some two (2) years after the fact," and that she had contacted petitioner only after the Missouri Bar Association had conducted a formal investigation regarding counsel's actions. In paragraph four, petitioner alleged that he was entitled to seek judicial relief by means of state habeas review after having been abandoned by counsel and that he had presented said grounds for relief in the Circuit Court of St. Louis County, on or about August 18, 1998, but was denied relief on September 2, 1998, in cause No. 98CC-003011. Finally, in paragraph five, petitioner alleged that counsel rendered petitioner ineffective assistance of counsel, since she failed to perform a thorough investigation of the charges against petitioner prior to trial, and that (a) counsel rendered petitioner ineffective assistance of counsel, since she abandoned petitioner prior to petitioner being sentenced, which allowed him to be sentenced as a prior and persistent offender though he was only charged by amended information as a prior offender; (b) counsel rendered ineffective assistance of counsel since she abandoned petitioner immediately after being found guilty of sodomy and first degree sexual abuse and subsequently failed to file a timely notice of appeal denying petitioner effective assistance of counsel and equal protection of the laws; (c) the trial court abused its discretion by sentencing petitioner without having counsel present, thereby denying petitioner equal protection of the laws and his constitutional right to have counsel present at all stages of a felony court proceeding; (d) the trial court erred in overruling petitioner's objection and allowing into evidence certain statements made by petitioner to an officer of the O'Fallon, Missouri, police department, in that such statements were taken and recorded out of context; (e) the trial court erred in denying petitioner's motion for judgment of acquittal at the close of state's evidence, due to the state having failed to prove its case against petitioner beyond a reasonable doubt; (f) the trial court erred in overruling petitioner's motion to suppress statements petitioner allegedly made to the officer of the O'Fallon, Missouri police department concerning petitioner's alleged guilt because said statements constituted hearsay and were improperly admitted; and (g) counsel rendered petitioner ineffective assistance of counsel in failing to create a defense for petitioner prior to his trial and at trial failed to enter evidence in support of petitioner's innocence. Peti-

tioner prayed that we order respondent to show cause as to why petitioner's conviction should not be vacated and set aside and that petitioner receive a new trial.

On October 6, 1998, we issued an Order to Show Cause (order) to respondent, directing him to file his return to the order by October 28, 1998, stating therein why relief prayed for in petitioner's petition should not be granted.

On October 20, 1998, petitioner filed a motion for appointment of counsel, stating that he was not "qualified to handle and defend in this case at bar." On October 28, 1998, respondent filed his response to the order, accompanied by a face sheet containing information regarding petitioner from the Department of Corrections, and a copy of the judgment of the St. Charles County Circuit Court in *State of Missouri v. Billy Hahn,* No. CR194–1464FX, identified as exhibits A and B, respectively. In his response, respondent alleged that: (1) upon finding that petitioner was a prior and persistent offender, the trial court advised petitioner of his rights pursuant to Rule 29.15 and the trial court found no probable cause to believe that petitioner had received ineffective assistance of counsel; (2) after petitioner's sentencing on July 21, 1995, he had 90 days in which to file a timely post-conviction motion, but failed to do so and that this failure constituted default precluding state habeas corpus review, pursuant to our Supreme Court's holding in *State ex rel Simmons v. White,* 866 S.W.2d 443, 446 (Mo. banc 1993), and that petitioner's claims of ineffective assistance of counsel were not jurisdictional issues and, along with his claims of trial court error, did not present circumstances so rare and exceptional that a manifest injustice resulted from the failure to hear his claims in state habeas review; and (3) the petition should be dismissed due to petitioner's default and that a review of the merits of his claims was unwarranted.

On November 3, 1998, petitioner filed his reply to respondent's response, accompanied by copies of: (1) petitioner's late notice of appeal, exhibit A; (2) counsel's motion to withdraw, filed June 13, 1997, exhibit B; (3) a listing of parties, exhibit C; (4) a statement as to record on appeal in which petitioner states that the record on appeal will consist of a legal file and transcript, exhibit D; (5) a statement as to petitioner's status at the time of the appeal, exhibit E; (6) a statement of the case, exhibit F; (7) a criminal case information form listing the parties on appeal and offering a brief statement of the case, exhibit G.

In his reply, petitioner essentially repeated the allegations set forth in the petition and stated that subsequent to the investigation by the Missouri Bar Association, counsel contacted petitioner and filed the untimely notice of appeal, along with exhibits A through G, and then "once again abandoned" petitioner. Petitioner alleged that he was constitutionally entitled to effective assistance of counsel at all stages of trial, and that pursuant to the holdings of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), a procedural default could only be found upon petitioner's failure to demonstrate "cause for the default" and prejudice occurring "from the cause." Petitioner alleged that the cause in the instant case was the abandonment of counsel and, citing our Supreme Court's holding in *Flowers v. State,* 618 S.W.2d 655 (Mo. banc 1981), that the prejudice which ensued was the denial of petitioner's constitutional right to appeal his state court conviction. Finally, petitioner stated that upon conviction, a criminal defendant must first seek relief by means of a direct appeal and then a post-conviction remedy pursuant to Rule 29.15. However, he alleged that he was not supplied with a complete trial transcript, which was necessary to effectuate a post-conviction remedy under Rule 29.15.

On November 25, 1998, we granted petitioner's motion for appointment of counsel and ordered that the Office of the Appellate Public Defender be appointed to represent petitioner. Further, we entered a writ of habeas corpus ordering respondent to file an answer to petitioner's allegations in paragraphs 1, 2, 3, 4, and 5(b) of his petition, and pursuant to Rule 91.09, to show cause, if there be any, as to why petitioner was being held in custody.

In his answer, respondent, represented by the Attorney General of the State of Missouri, admitted that petitioner was an inmate at the Missouri Eastern Correctional Center and alleged that: (1) petitioner's allegation in paragraph two implied that he had only a conviction and sentence from the St. Charles County Circuit Court; however, petitioner's implication was false and petitioner was not challenging the current sentences he was serving; (2) petitioner was currently serving three concurrent five year sentences for second degree assault and after petitioner completed those sentences, he would begin his twenty year sentences for his convictions for sodomy from the St. Charles County Circuit Court; and (3) concurrently with petitioner's twenty year sentence, he would also serve a five year sentence for his conviction of first degree sexual abuse from the St. Charles County Circuit Court and that the convictions and sentences for sodomy and first degree sexual abuse were the subject matters of this litigation. In his answer to paragraph three, respondent admitted that he was petitioner's custodian and was the proper party respondent and that petitioner would be in the custody of respondent due to the judgment and sentence of the St. Charles County Circuit Court but denied the remainder of paragraph three and paragraphs four and 5(b). Further, in responding to the order to show cause, respondent alleged that petitioner's allegations in his petition along with his motion to file an untimely notice of appeal indicate that he should have a direct appeal from his convictions for Counts I and II.

Respondent suggested that this court "may wish to" recall its mandate in *State of Missouri v. Billy Hahn*, No. ED72676, and allow petitioner to file an untimely notice of appeal, thereby essentially giving him the relief he is seeking in the petition. Further, respondent suggested that petitioner may "contend, however, that his motion was untimely" under Rule 30.03 but that "The State of Missouri waives that procedural defense."

On December 8, 1998, the State of Missouri filed a motion to recall the mandate in *State of Missouri v. Hahn*, No. ED72676, stating that petitioner's writ litigation as well as his original petition in that cause indicate that he should be allowed a reasonable time in which file a late notice of appeal. On December 18, 1998 we denied any motion to recall the mandate, stating that petitioner was sentenced on July 21, 1995 and that he filed his late notice of appeal on June 13, 1997, nearly two years after it was imposed. Since the motion was filed more than twelve months after the final judgment, we were without jurisdiction to grant the motion under Rule 30.03 and it was denied on June 18, 1997. Accordingly, no mandate was issued upon the denial of a motion to file a late notice of appeal. Further, since no post-conviction remedy or motion to appeal was filed, the file contains no mandate.

■ In his brief petitioner alleges that a habeas corpus action lies because a manifest injustice, arising from rare and extraordinary circumstances, exists as a result of petitioner being abandoned by counsel and denied his constitutional right to appeal. In his response, respondent concedes that petitioner should have a direct appeal from his conviction in the St. Charles County Circuit Court in that petitioner would have had a direct appeal but for counsel's failure to file a timely notice of appeal and suggests that we: (1) issue a conditional writ of habeas corpus; or (2) issue an order in *State of Missouri v. Hahn*, No. ED72676 that would allow an

appeal to progress under that cause number; or (3) allow petitioner to file a notice of appeal of the July 21, 1995, judgment under Rule 30.01 with an order finding the State estopped from arguing its untimeliness under Rule 30.01(d).

■ Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint. Rule 91.01; *see also* section 532.010. Rule 91 proceedings are limited "to determining the facial validity of confinement." *State ex rel. Simmons*, 866 S.W.2d at 445.

Rule 29.15(a) provides petitioner's exclusive remedy for seeking relief from constitutional violations relating to his conviction and sentence. Because petitioner did not raise his claims regarding counsel's abandonment and his denial of a right to appeal in a Rule 29.15 motion, generally, he would not be entitled to relief. However, upon denying habeas relief in *State ex rel. Simmons,* our Supreme Court denied habeas relief due to defendant's failure to raise his allegations of double jeopardy in his points on appeal or post-trial motion. In denying relief, our Supreme Court held that habeas corpus may be used to challenge a final judgment after an individual's failure to pursue appellate and post-conviction remedies only to raise jurisdictional issues or in "circumstances so rare and exceptional that a manifest injustice results." 866 S.W.2d at 446.

■ A defendant in a criminal case is entitled to effective assistance of counsel in the trial court and on appeal and a failure to provide such assistance is a denial of constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States. *State v. Frey,* 441 S.W.2d 11, 14 (Mo.banc 1969). Further, a defendant in a criminal case may not be unconstitutionally deprived of his direct appeal and the effective assistance of counsel because of the failure of counsel to file a timely notice of appeal regardless of his motive for so doing. *Id.* In *Frey,* an indigent defendant had been denied his right to appeal because of counsel's failure to file a timely notice of appeal and our Supreme Court, applying the guidelines set forth in *Williams v. United States,* 402 F.2d 548 (8th Cir.1968), held that if a defendant desires to appeal his conviction and his court-appointed counsel, without explanation, fails to take the proper and necessary steps to perfect the appeal "such extraordinary inattention to client's interests (as to) amounts to ineffective assistance of counsel cognizable on a motion to vacate." 441 S.W.2d 15.

We conclude that fundamental fairness requires appropriate relief be accorded petitioner short of an outright discharge. Petitioner was effectively abandoned by counsel, a deprivation of his constitutional rights, and denied an appeal in a criminal case. *Frey,* 441 S.W.2d at 15. These "rare and exceptional" circumstances rise to a level of manifest injustice that excuses petitioner's failure to raise them on appeal or in a post-conviction motion pursuant to Rules 24.035 and 29.15. *State ex rel. Simmons,* 866 S.W.2d at 446.

■ As stated by the court in *Williams,* 'the objective of granting a defendant appellate review of which he has been unconstitutionally deprived is generally accomplished by means of vacating the sentence and remanding the case to the trial court for resentencing, the time for appeal then commencing to run from the date of the resentence.' 402 F.2d 548, 552(8). Our Supreme Court followed that procedure and we follow it here.

■ As this Court has jurisdiction to issue writs of habeas corpus and a duty to protect the rights afforded prisoners under the Constitution of the United States, we should not defer habeas corpus jurisdiction to the federal courts. *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo.banc 1994). Accordingly, we remand the cause with directions to vacate and set aside the sentence imposed upon petitioner on July 21, 1995, in *State of Missouri v. Hahn,* No.

CR194–1464FX, and to resentence him, taking into account the time petitioner has already served. Thereafter, petitioner may take a timely appeal to this court.

LAWRENCE E. MOONEY, J. and JAMES A. PUDLOWSKI, J., concur.