# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2377

_____

Michael R. Shands, Jr.,

      Appellant,

v.

James Purkett,

      Appellee.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Eastern District of Missouri.
\*
\*
\*

_____

Submitted: February 16, 2000
Filed: May 1, 2000

_____

Before BOWMAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

HANSEN, Circuit Judge.

Michael Shands appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We dismiss the appeal and remand with instructions to the district court to dismiss the § 2254 petition without prejudice in order to allow Shands the opportunity to exhaust his claim in a state habeas proceeding.

I.

On August 11, 1993, a jury found Shands guilty of stealing over $150. Shands was sentenced to a term of 15 years in the Missouri Department of Corrections on October 29, 1993. Shands failed to file a notice of appeal within the ten-day period for seeking a direct appeal (see Missouri Supreme Court Rule 30.01) and failed to file a motion for postconviction relief under Missouri Supreme Court Rule 29.15. In addition, he failed to seek leave to file an appeal out-of-time pursuant to Missouri Supreme Court Rule 30.03. Shands filed a petition for federal habeas corpus review under 28 U.S.C. § 2254, claiming ineffective assistance of counsel. Shands alleges that his attorney, who was retained for the purpose of handling "his direct appeal and any post conviction actions" (see Appellant's Br. at 8), failed to file any appeal or postsentencing actions and failed to inform Shands that he was not going to file a notice of appeal. The district court denied Shand's § 2254 petition because he had procedurally defaulted his claim of ineffective assistance of counsel by failing to file a motion for postconviction relief under Rule 29.15. The district court dismissed the claim with prejudice, and Shands filed his notice of appeal. This court granted his application for a certificate of appealability.

II.

More than three months after the district court's denial of the § 2254 petition, the Missouri Court of Appeals for the Eastern District held that an attorney's abandonment of a defendant in a criminal case by failing to file a timely notice of appeal is a "rare and exceptional circumstance" that rises to a level of manifest injustice excusing the criminal defendant's failure to raise his claims on direct appeal or in a postconviction proceeding. State ex rel. Hahn v. Stubblefield, 996 S.W.2d 103, 108 (Mo. Ct. App. 1999). In such circumstances, the criminal defendant is entitled to seek state habeas relief under Missouri Supreme Court Rule 91. See id. According to the state, Missouri courts have not previously recognized the availability of a Rule 91 state habeas

proceeding to bring such a claim. Consequently, the state recommends that we dismiss the appeal and remand the case with instructions to dismiss the § 2254 petition for lack of exhaustion.

At oral argument we expressed concern that if we agreed to the state's request, Shands might encounter a statute of limitations obstacle when he later seeks to file a new § 2254 petition in the district court, assuming he does not succeed in state court. The state assured us that it would not assert a statute of limitations defense. Based on the representations made by the state at oral argument, which we have transcribed from the tape of oral argument, we agree with the state that the case should be remanded in order to allow Shands the opportunity to pursue his claims in state court.

### III.

Accordingly, we dismiss the appeal and remand with instructions to the district court to dismiss the § 2254 petition without prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3