**STATE ex rel. Robert L. MEIER, Petitioner,**

v.

**Gene STUBBLEFIELD, Respondent.**

No. SC 84587.

Supreme Court of Missouri,
En Banc.

Jan. 28, 2003.

As Modified on Denial of Rehearing
March 4, 2003.

Robert L. Hess, II, Barbara L. Miltenberger, Jefferson City, for Petitioner.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrew W. Hassell, Asst. Atty. Gen., Jefferson City, for Respondent.

PER CURIAM.

A jury found Robert L. Meier guilty of three felony offenses on June 23, 1998. He was sentenced on August 28, 1998, to three years on each felony, with two sentences to be served consecutively and the third to be served concurrently to the others. During the hearing, the judge informed Meier of his right to appeal and file a post-conviction motion as follows:

THE COURT: Mr. Meier, you have the right to file an appeal from this conviction and sentence.

This is a post conviction remedy. This remedy is available if you claim that the judgement and sentence imposed in this case violates the constitution of the United States or that the Court was without jurisdiction to impose such conviction or sentence, or that the sentence imposed was in excess of the maximum sentence authorized by law.

This is an exclusive remedy that you have for this type of relief. You have 90 days after you are delivered to the Department of Corrections to file such a request.

The hearing continued with the examination of Meier as provided in Rule 29.07(b)(4) to determine whether there was probable cause to believe Meier received ineffective assistance of counsel. No such probable cause was found.

Based on the judge's statements, Meier believed that he had 90 days to appeal. In fact, he had only 10 days to appeal. *Section 547.070, RSMo 2000; Rule 30.01(d)*.

The record shows that Meier requested his lawyer to file an appeal. He inquired as to the status of the appeal. His lawyer sent Meier a copy of a motion to proceed in forma pauperis. The motion indicated that it had been filed October 7, 1998 (40 days after sentencing). The motion noted it had been sustained and that Meier was the appellant. Meier continued to inquire as to the status of the appeal, but his lawyer failed to inform him. In 1999, Meier filed a complaint with the Region X Disciplinary Committee. In a September 2, 1999, letter to the committee, Meier's lawyer stated that an appeal had been filed and that he continued to represent Meier. In fact, no notice of appeal was ever filed.

Meier continued to inquire of his lawyer as to the status of the appeal, but received no answer. Eventually, Meier made inquiry of the public defender's office.[1] A May 15, 2001, letter (over two and one-half years after sentencing) from that office informed Meier that no appeal had been filed. By the time he had been so informed, Meier's time to file a Rule 29.15 motion had long expired.

A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Normally, a claim of ineffective assistance of counsel must be filed in a post-conviction motion. *Rule 24.035(a); Rule 29.15(a)*. Meier's failure to file a timely post-conviction motion can be excused and he can proceed by habeas corpus if the procedural default was caused by something external to the defense and prejudice resulted from the underlying error that worked to his actual and substantial disadvantage.

This showing is often referred to as "cause and prejudice." *Brown v. State*, 66 S.W.3d 721, 731 (Mo. banc 2002); *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 215–16 (Mo. banc 2001). Because Meier's lawyer failed to file a notice of appeal as requested, and because Meier was misinformed as to the time for appeal and did not learn that no appeal had been filed until after the time had run for seeking post-conviction relief, Meier has met his burden of showing "cause and prejudice" under *Brown* and *Jaynes*. He is entitled to be resentenced. *See Flores–Ortega* at 477, 120 S.Ct. 1029.

For the reasons stated above, Meier's sentences in *State of Missouri v. Robert Meier*, No. CR197–2257FX, Circuit Court of St. Charles County, are vacated. The circuit court of St. Charles County is directed to impose the same sentence as originally imposed. As the error arose at and after sentencing, the jury verdict is not affected. Meier is ordered discharged to the custody of the sheriff of St. Charles County to await his resentencing, at which time a new period for filing an appeal will begin to run.

**All concur.**

The Court expresses its appreciation to Attorneys Barbara L. Miltenberger and Robert L. Hess, II, who represented Petitioner pro bono by appointment of the Court.

1. Meier's original lawyer was not a public defender.