Michael RITTER, Movant,

v.

STATE of Missouri, Respondent.

No. 27733.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 7, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 29, 2006.

Application for Transfer Denied
Feb. 27, 2007.

Irene Karns, Columbia, for movant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Shaun J. Mackelprang, Office of Attorney General, Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

While charged with criminal non-support, Michael Ritter (Movant) called his ex-wife and angrily said if he was jailed therefor, he would find her when released and "blow [her] head off." Movant was charged with witness tampering under RSMo. § 575.270,[1] and later was convicted thereof in a bench trial. Movant's five-year prison sentence was suspended and he was granted probation. No notice of appeal was filed.

Soon thereafter, Movant was stopped for DWI and assaulted two law enforcement officers. The court revoked his probation and sent him to prison. Movant filed a *pro se* motion for post-conviction relief. Five weeks later, Movant sought leave to file a late notice of appeal in his

---

1. All statutory references are to Missouri Revised Statutes (2000); all references to rules are to Missouri Court Rules (2006).

criminal case, which this court denied. An amended Rule 29.15 motion, based on trial counsel's failure to file a timely notice of appeal, was denied by the motion court without an evidentiary hearing.

Our review is limited to whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). An evidentiary hearing is unnecessary if the files and records of the case conclusively show the movant is entitled to no relief. Rule 29.15(h).

Movant claims his trial counsel was ineffective in failing to file a timely notice of appeal. The motion court analogized this to a claim of ineffective *appellate* counsel, and denied relief after concluding there was no reversible error. The State concedes this was the wrong legal standard and analysis, but argues we should affirm because the correct result was reached, even if for the wrong reason. *See Walker v. State,* 34 S.W.3d 297, 301 n. 5 (Mo.App. 2000).

■■ We agree with the State that *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) governs "failure to appeal" cases, which fall into three categories. First, a lawyer who ignores specific instructions to appeal is professionally unreasonable; his client is entitled to a new appeal without proof of likely merit. *Id.* at 477, 120 S.Ct. 1029, citing *Peguero v. U.S.,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). On the other hand, a client who explicitly tells his lawyer not to appeal cannot later claim ineffectiveness on that basis. *Id.* The third situation, where the client did not clearly convey his wishes either way, is more difficult and triggers a more complicated analysis. *Id.* at 477–87, 120 S.Ct. 1029.

■■ The State's brief analyzes this case under the third scenario, since the amended motion makes no reference to any instructions or discussions regarding appeal. But the State also requested us to judicially notice our file in *State v. Michael Ritter* No. SD26984, where as noted above, we denied Movant leave to file a late appeal. That file includes Movant's affidavit claiming he told trial counsel to appeal his conviction, which if true, may put the case into the first category and lead to a different result. *Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. 1029; *State ex rel. Meier v. Stubblefield,* 97 S.W.3d 476, 477 (Mo. banc 2003).

We recognize our unusual situation of considering evidence that was not before the motion court. But the State can hardly complain that we reviewed a file at its request (and with no objection by Movant), and having done so, honesty precludes us from turning a blind eye to what we saw.

The motion court's findings and conclusions are clearly erroneous with respect to the legal standard and analysis applied. We cannot ignore those errors, and affirm on the basis that the correct result was reached, since the entire record, including Movant's affidavit in the judicially noticed file, does not conclusively show Movant is entitled to no relief. We reverse and remand for an evidentiary hearing and further proceedings not inconsistent with this opinion and *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

PARRISH J., and RAHMEYER, P.J., Concur.