**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Steven ARNOLD, Defendant/Appellant.**

**No. ED 89561.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 7, 2007.

Steven W. Arnold, Pollock, LA, pro se.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Chief Judge.

Steven Arnold (Defendant) appeals from the trial court's judgment of conviction and sentence entered after he pleaded guilty to robbery in the first degree with a dangerous and deadly weapon in violation of section 560.135, RSMo (repealed) on May 19, 1976. Because Defendant's appeal is untimely, we dismiss the appeal.

■ Defendant pleaded guilty to first degree robbery in April 1976. On May 19, 1976, the trial court sentenced Defendant

---

to six years, but suspended execution of his sentence. This sentence was later executed on November 1, 1977. At that time, Defendant did not appeal from his judgment of conviction and until 2005 filed no post-conviction motions. In 2005, Defendant filed a motion pursuant to Rule 74.06 and/or in the alternative, Rule 29.07(d), which the trial court denied. This Court affirmed that judgment by order in *Arnold v. State*, 187 S.W.3d 342, 343 (Mo.App. E.D.2006) on March 28, 2006. On March 27, 2007, Defendant filed this notice of appeal, which is a direct appeal from the judgment entered on May 19, 1976. Defendant stated on his notice of appeal that he was filing the notice of appeal in compliance with the Court of Appeals order of March 28, 2006. Defendant appears to be referring to the memorandum filed by this Court supplementing its order. In that memorandum, this Court noted that the proper means for a defendant to attack or correct judgments in criminal proceedings is a direct appeal, Rule 24.035, or a writ of habeas corpus. *Arnold v. State*, No. ED89651, memorandum at 4–5 (Mo.App. E.D., filed March 28, 2006).

■ Although this Court did note that generally a direct appeal could be one way to attack criminal judgments, it did not direct Defendant to file a direct appeal. Moreover, under Rule 30.01(d), the notice of appeal in a criminal case must be filed no later than 10 days after the judgment becomes final. *See also,* § 547.070, RSMo 2000. A judgment becomes final in a criminal case when a sentence is entered. *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994). Here, Defendant's sentence was entered on May 19, 1976 and his appeal was due in May of 1976. Defendant's notice of appeal, which was filed on March 27, 2007, is over thirty years after he was sentenced and is untimely.

This Court issued an order directing Defendant to show cause why his appeal should not be dismissed. Defendant has not filed a response.

The appeal is dismissed as untimely.

BOOKER T. SHAW and NANNETTE A. BAKER, JJ., Concur.