**STATE ex rel. Darnell PEETE, Petitioner,**

v.

**Jim MOORE, Warden, Northeast Correctional Center, Respondent.**

**No. ED 92522.**

Missouri Court of Appeals, Eastern District, Writ Division Four.

April 7, 2009.

Application for Transfer to Supreme Court Denied May 18, 2009.

Edward Scott Thompson, St. Louis, MO, for Petitioner.

Christopher A. Koster, Michael Joseph Spillane, Jefferson City, MO, John D. Hoelzer, St. Louis, MO, for Respondent.

SHERRI B. SULLIVAN, Presiding Judge.

### Introduction

Darnell Peete (Petitioner) filed a Petition for Writ of Habeas Corpus along with Suggestions in Support and Exhibits, alleging that his attorney failed to file a direct appeal of Petitioner's convictions of rape, sodomy and child molestation. On February 5, 2009, we entered an Order to Show Cause to Respondent as to why Petitioner's Petition should not be granted. On February 17, 2009, Respondent filed his Response asserting that Petitioner should have filed a Rule 29.15 [1] motion for postconviction relief, as his attorney's failure to file an appeal is merely ineffective assistance of counsel. Petitioner timely filed his reply.

---

1. All rule references are to Mo. R.Crim. P.1997, unless otherwise indicated.

*Factual and Procedural Background*

On July 31, 1997, a jury found Petitioner guilty of four criminal charges in cause no. 961–1844, to-wit: one charge of rape; two charges of sodomy; and one charge of child molestation. On October 31, 1997, the trial court sentenced Petitioner to sixteen (16) years' total imprisonment; five years to be served for rape, five years on each of the sodomy counts, and one year on the child molestation charge, all to be served consecutively. During the sentencing hearing, the judge informed Petitioner of his right to appeal and file a post-conviction motion as follows.[2]

THE COURT: Under the law of Missouri a person convicted of a felony after a trial has a right to obtain a review of his conviction and sentence, and this right of review is in addition to any right of appeal and is recognized by Missouri Supreme Court Rule 29.15. What that essentially means is you have two ways of challenging things. One, you have your regular appeal. You've heard of the Court of Appeals, right?

THE DEFENDANT: Yes, sir.

THE COURT: That's something your lawyer will handle for you fairly soon. The other way you can go is called Rule 29.15. Do you understand me so far?

THE DEFENDANT: Yes, sir.

THE COURT: Under the one that you do for yourself, 29.15, by asking for review of your conviction and sentence under this rule you are entitled to have a court decide three things

. . . .

THE COURT: To obtain review of your conviction and sentence, you must file a verified Criminal Procedure Form No. 40 within 90 days after the Court of Appeals issues its mandate on your case. Now, what does that mean? When you take your regular appeal up, the Court of Appeals hears it. If they decide that they're going to affirm your conviction, then they issue a mandate—and affirm means if they say that your conviction stands. Then they issue a mandate. And when you hear that, the Court of Appeals that—you get something in the mail. When you hear that the Court of Appeals has told you that your case has been affirmed, at that point and time you have 90 days to file this other thing yourself, this Rule 29.15 motion. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you don't do it within those 90 days you lose your right to file under Rule 29.15. If you decide you want to do it and you don't have the money for it, no cost deposit will be required and a lawyer will be appointed.

The hearing continued with the examination of Petitioner as provided in Rule 29.07(b)(4) to determine whether there was probable cause to believe Petitioner received ineffective assistance of counsel. No such probable cause was found.

At trial, Petitioner was represented by attorney V. Clyde Cahill, Jr. (Attorney), who had been hired by Petitioner's parents. After the guilty verdict was handed down, Attorney advised Petitioner that he would be handling his appeal, according to Petitioner's testimony contained in the transcript of the hearing on Petitioner's petition for *habeas corpus* relief in Pike County.[3] Petitioner also testified at the hearing that at his sentencing, Attorney again advised Petitioner that he would

---

**2.** This testimony is taken from the transcript of the St. Louis City Circuit Court's October 31, 1997 sentencing hearing.

**3.** The testimony that follows is contained in the transcript of the Pike County Circuit Court's November 26, 2008, hearing on Petitioner's habeas corpus petition.

handle his appeal. Petitioner's parents both testified at the hearing that Attorney assured them that he was personally going to take care of Petitioner's appeal right away. Petitioner testified that on at least two occasions after that, Attorney told Petitioner that he was working on his appeal, drafting the paperwork, when Petitioner telephoned him in late November of 1997 and also in February of 1998.

Petitioner's parents testified that Attorney did not return any of their phone calls to his office and was not at his office when they went there in person to talk about the appeal. Petitioner and his parents avowed that at no time did Attorney advise Petitioner or Petitioner's parents that he was not handling the appeal or could not handle it, or that Petitioner should retain another attorney to file his appeal.

All of this testimony is uncontradicted in the transcript.

On December 28, 1998, the Missouri Supreme Court suspended Attorney from the practice of law in Missouri, for reasons unrelated to the instant case. On December 21, 1999, Petitioner unsuccessfully filed a motion for leave to file a late notice of appeal with this Court. On March 6, 2008, Petitioner filed a claim for habeas corpus relief in the Circuit Court of Pike County, the jurisdiction in which he is incarcerated. After a hearing held on November 26, 2008, the circuit court denied Petitioner's claim for habeas corpus relief on December 29, 2008, reasoning that Petitioner could have timely raised this claim in a Rule 29.15 motion, but did not do so.

## Discussion

■ The deadline for filing Petitioner's appeal was ten days from the day the judgment became final. Rule 30.01(d); Section 547.070.[4] A judgment becomes final in a criminal case when a sentence is entered. *State v. Arnold,* 230 S.W.3d 353, 354 (Mo.App. E.D.2007), *State v. Williams,* 871 S.W.2d 450, 452 (Mo.banc 1994). Accordingly, in Petitioner's case, the deadline was November 10, 1997, i.e. ten days from the October 31, 1997 sentencing. The time to petition the Court of Appeals for leave to file a late notice of appeal under Rule 30.03 expired on October 31, 1998. Attorney did not file a timely appeal of Petitioner's conviction nor did he petition this Court for leave to file an untimely appeal. Attorney filed nothing at all with this Court regarding Petitioner's case. No notice of appeal was ever filed.

■ A defendant in a criminal case is entitled to effective assistance of counsel in the trial court and on appeal and a failure to provide such assistance is a denial of constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States. *State ex rel. Hahn v. Stubblefield,* 996 S.W.2d 103, 108 (Mo.App. E.D.1999); *State v. Frey,* 441 S.W.2d 11, 14 (Mo.banc 1969). A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *State ex rel. Meier v. Stubblefield,* 97 S.W.3d 476, 477 (Mo.banc 2003); *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

■ Normally, a claim of ineffective assistance of counsel must be filed in a postconviction motion. *Meier,* 97 S.W.3d at 477. However, Petitioner's failure to file a timely postconviction motion in this case can be excused and he can proceed by *habeas corpus* if the procedural default was caused by something external to the defense and prejudice resulted from the underlying error that worked to his actual and substantial disadvantage. *Id.* This showing is often referred to as cause and

**4.** All statutory references are to RSMo 1994, unless otherwise indicated.

prejudice. *Id.*; *Brown v. State*, 66 S.W.3d 721, 731 (Mo.banc 2002); *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 215–16 (Mo. banc 2001).

■ The showing of cause in this case is that Attorney abandoned Petitioner by failing to file his appeal as Petitioner requested, despite repeated assurances and representations by Attorney that he would file Petitioner's appeal and in fact was working on it. Further cause is shown by the sentencing court affirmatively representing to Petitioner that Attorney would handle his appeal, and that Petitioner need not file his Rule 29.15 motion until his counsel had appealed his convictions, the appeal was over and the mandate issued. The prejudice to Petitioner is that he was denied his right to an appeal in a criminal case.

■ We find that Petitioner has met his burden of showing cause and prejudice. *Meier*, 97 S.W.3d at 477. These circumstances are rare and exceptional ones that rise to a level of manifest injustice, which excuses Petitioner's failure to raise them in a postconviction motion. *Hahn*, 996 S.W.2d at 108; *Simmons v. White*, 866 S.W.2d 443, 446 (Mo.banc 1993). We conclude that fundamental fairness requires appropriate relief be accorded to Petitioner, as he was effectively abandoned by counsel, a deprivation of his constitutional rights, and denied an appeal in a criminal case.[5] *Hahn*, 996 S.W.2d at 108; *Frey*, 441 S.W.2d at 15. If a prisoner was abandoned on appeal, the trial court will vacate the original judgment and enter a new judgment with the time for appeal commencing to run from the new date. *State v. Brown*, 633 S.W.2d 301, 302 (Mo.App. E.D.1982), citing *Flowers v. State*, 618 S.W.2d 655, 657 (Mo.banc 1981). Accordingly, Petitioner is entitled to be resen-

tenced, so he can pursue his appeal. *Meier*, 97 S.W.3d at 477, *see also Flores–Ortega*, 528 U.S. at 477, 120 S.Ct. 1029.

### Conclusion

For the reasons stated above, the Petition for Writ of Habeas Corpus is granted. Petitioner's sentences in *State of Missouri v. Darnell Peete*, No. CR961–1844, City of St. Louis Circuit Court, are hereby vacated. The circuit court of the City of St. Louis is directed to impose the same sentences as originally imposed. Petitioner is ordered remanded to the custody of the sheriff of the City of St. Louis to await his resentencing, at which time a new period for filing an appeal will begin to run.

MARY K. HOFF, J. and CLIFFORD H. AHRENS, J., concur.

---

**5.** We acknowledge the recent Supreme Court decision in *Gehrke v. State*, SC89527, dealing with the issue of abandonment by counsel but note that it deals with the right to appeal in 29.15 postconviction matters rather than in a direct appeal.