**In re John C. WOLF, Petitioner,**

**v.**

**Troy STEELE, Warden, Southeast Correctional Center, Respondent.**

**No. SD 29860.**

Missouri Court of Appeals, Southern District, Division Two.

July 17, 2009.

Ellen H. Flottman, Columbia, MO, for Petitioner.

Chris A. Koster, Attorney General, and Michael Pillane, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

John C. Wolf petitions for writ of habeas corpus, claiming that he is being illegally restrained of his liberty by Troy Steele, Warden of the Southwest Correctional Center ("Respondent"), because counsel in Wolf's underlying criminal case failed to file a timely notice of appeal following his conviction. Finding merit in Wolf's claim, this Court grants habeas corpus relief short of outright discharge.

### Factual and Procedural Background[1]

Wolf was found guilty of child molestation in the first degree after a jury trial in the Circuit Court of Iron County, in case number 06A9–CR00560–02. He told trial counsel that he wanted to appeal his conviction. Trial counsel told him that she would file the necessary paperwork to preserve his right to appeal. She also told him the appeal would take about two years.

On July 9, 2007, Wolf was sentenced to fifteen years' imprisonment, and trial counsel filed on Wolf's behalf a motion to perfect appeal as a poor person, which the trial court sustained by written order on that same day. Believing that she had filed the necessary paperwork to preserve Wolf's right to appeal, trial counsel closed her file without filing a notice of appeal or taking any other action. Trial counsel resigned from the Missouri Public Defender System on August 3, 2007.

Wolf heard nothing about his appeal until sometime during January 2009, when his sister-in-law called the Central Appellate Office of the State Public Defender to inquire about the status of his appeal. She was informed that no notice of appeal had ever been filed.

In March 2009, Wolf sought habeas corpus relief in the Circuit Court of Mississippi County, where he is incarcerated. His petition was submitted to the circuit court based upon the stipulated facts set out above and was denied by written judgment entered on May 19, 2009.

Wolf then filed the instant action in this Court seeking "a writ of habeas corpus and order that the sentence in Iron County [c]ase number 06A9–CR00560–02 be vacated[ ] and the cause be remanded to the Circuit Court of Iron County for resentencing so that a timely notice of appeal can be filed[.]" This Court issued an order to Respondent directing him to show cause why a writ should not be issued as requested. Respondent filed his response, asserting that Wolf's claim for ineffective assistance of counsel is procedurally barred because he failed to timely request leave to file his notice of appeal out of time, as provided by Rule 30.03.[2] Wolf filed his reply asserting that "he was unaware that his appeal was not proceeding and the denial of his appeal resulted in manifest injustice, arising from rare and extraordinary circumstances."

### Discussion

"[A] defendant in a criminal case may not be unconstitutionally deprived of his direct appeal and the effective assistance of counsel because of the failure of counsel to file a timely notice of appeal regardless of his motive for so doing." *State ex rel. Hahn v. Stubblefield,*

---

1. The facts are derived from Wolf's petition. Respondent did not contest or controvert any of those facts in his response to the order to show cause issued by this Court.

2. All references to rules are to Missouri Court Rules (2009), unless otherwise indicated.

996 S.W.2d 103, 108 (Mo.App.1999). Where, as here, the defendant only becomes aware of the failure after the time for requesting leave to file a late notice of appeal under Rule 30.03 has expired, the appropriate remedy is through a writ of habeas corpus vacating the sentence and ordering the resentencing of the defendant in order to recommence the time period within which to file a notice of appeal. *State ex rel. Peete v. Moore*, 283 S.W.3d 818, 821–22 (Mo.App.2009); *Hahn*, 996 S.W.2d at 108.

Nevertheless, Respondent claims, the Supreme Court's recent decision in *Gehrke v. State*, 280 S.W.3d 54 (Mo. banc 2009), eliminates this remedy for counsel's failure to file a notice of appeal directly from a defendant's conviction as occurred here, in *Hahn*, and in *Peete*, because, according to Respondent, *Gehrke* held that "the one year period provided by Rule 30.03 is sufficient to allow a litigant to discover whether counsel has filed a timely and sufficient notice of appeal and to correct counsel's failure to act if one has occurred." Respondent reasons that Wolf "defaulted his claim that counsel was ineffective for not filing a notice of appeal, by not raising the claim in a timely motion under Missouri Supreme Court Rule 30.03. This default for failure to file a collateral motion under Missouri Supreme Court Rule 30.03, asking for discretionary leave to file a notice of appeal, is attributable to Mr. Wolf, not to trial counsel, and is not excused by counsel's original omission."

Missing in Respondent's analysis, however, is the significant and distinguishing fact that *Gehrke* involved the failure of counsel to file a notice of appeal from the judgment denying Gehrke's Rule 24.035 motion for post-conviction relief, *id.* at 55, and the significant and distinguishing legal issue that " '[c]laims of ineffective assistance of postconviction counsel are cate-gorically unreviewable.' " *Id.* at 58 (quoting *Hutchison v. State*, 150 S.W.3d 292, 303 (Mo. banc 2004)). This latter issue is premised upon the lack of any constitutional right to effective assistance of counsel in a postconviction action. *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992).

■ Here, Wolf had the constitutional right guaranteed by the Sixth and Fourteenth Amendments to effective assistance of counsel in his direct appeal. *Peete*, 283 S.W.3d at 821. His trial counsel's failure to file a notice of appeal as she agreed to do is ineffective assistance of counsel because such action is professionally unreasonable. *Id.* For this reason, Wolf can avail himself of the cause and actual prejudice ground for habeas corpus relief, as was applied by the Eastern District of this Court in the context of a direct appeal in *Peete* and which was found by the Supreme Court to be inapplicable in the postconviction context in *Gehrke*. *Peete*, 283 S.W.3d at 821–22; *Gehrke*, 280 S.W.3d at 58–59.

The cause showing in this case is the failure of trial counsel to file a notice of appeal even though she had assured Wolf that she would file the necessary paperwork to preserve his right to appeal and informed Wolf that the appeal would take about two years. Nothing in the latter statement is substantially inaccurate, and it provides a reasonable basis for Wolf's inaction in checking on the status of the appeal for well over one year, a time period which prevented him from seeking to correct this omission through the auspices of Rule 30.03. *See Peete*, 283 S.W.3d at 822. The prejudice, of course, is that Wolf was denied his right to appeal his criminal case. *Id.*

### Decision

Wolf's petition for writ of habeas corpus is granted. His sentence in *State of Mis-*

*souri v. John C. Wolf,* No. 06A9–CR00560–02, Circuit Court of Iron County, is hereby vacated. The Circuit Court of Iron County is directed to impose the same sentence as originally imposed. Wolf is ordered remanded to the custody of the sheriff of Iron County to await his resentencing, at which time a new period for filing an appeal will begin to run.

BURRELL, P.J., and RAHMEYER, J., concur.