In re David D. EWING, Petitioner,

v.

**Larry DENNEY, Superintendent, CRCC, Respondent.**

**No. WD 74807.**

Missouri Court of Appeals, Western District.

March 6, 2012.

As Modified March 27, 2012.

---

Rosemary E. Percival, Kansas City, MO, for Petitioner.

Michael Spillane, Jefferson City, MO, for Respondent.

Before Writ Division: JAMES M. SMART, Presiding Judge, MARK D. PFEIFFER, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

David D. Ewing ("Ewing") petitions for writ of habeas corpus. Ewing claims that he is being illegally restrained of his liberty by Larry Denney, Superintendent of the Crossroads Correctional Center ("Respondent") because his trial counsel failed to perfect the filing of a timely notice of appeal and failed to inform Ewing that his appeal had been dismissed until it was too late to seek leave to file an appeal out of time. Ewing does not seek discharge from incarceration, but instead seeks to be re-sentenced so that a timely notice of appeal can be filed. Respondent agrees that Ewing's writ of habeas corpus should be granted. We grant habeas relief to Ewing as hereinafter set forth.

## Factual and Procedural History[1]

On March 22, 2007, Ewing was convicted following a jury trial of one count of murder in the second degree (Count I), one count of assault in the first degree (Count III), and two counts of armed criminal action (Counts II and IV), in *State v. Ewing,* Jackson County Circuit Court Case No. 0516–CR07808–01. Ewing was sentenced on May 1, 2007, and committed to the custody of the Missouri Department of Corrections for imprisonment of twenty years on Count I, three years on Count II, fifteen years on Count III, and three years on Count IV. The trial court ordered the sentences on Counts I and II to run concurrently with each other, the sentences on Counts III and IV to run concurrently with other, and the sentences on Counts I and III to run consecutively. Ewing's total sentence, therefore, was thirty-five years with credit to be afforded per the trial court's judgment for time served.

Ewing was represented at trial and during sentencing by Willis Toney ("Toney"). Toney told Ewing he would appeal Ewing's conviction. Toney filed a notice of appeal in the Jackson County Circuit Court on May 11, 2007, on Ewing's behalf, but failed to pay the required filing fee.

The notice of appeal was not filed in this Court until September 10, 2007, shortly after Toney finally paid the required filing fee on September 6, 2007 after significant prodding by the Jackson County Circuit Court. On September 25, 2007, this court dismissed Ewing's appeal as untimely. A copy of the order of dismissal was directed to Toney as Ewing's counsel, but not to Ewing directly. Our mandate issued on October 11, 2007.

Toney did not advise Ewing that his appeal had been dismissed. Toney did not take steps to seek leave to file Ewing's appeal out of time as could have been requested under Rule 30.03.[2]

Ewing was not aware that his appeal had been dismissed. Toney had advised Ewing that it would take at least six months for his appeal to go through, and not to expect to hear anything from him for at least that period of time. Believing

---

1. The facts are drawn from Ewing's petition and included appendix, and from the Respondent's response to the petition. The Respondent does not contest the facts in Ewing's petition.

2. Rule 30.03 permits a criminal defendant to seek leave to file an appeal out of time within twelve months after the underlying judgment is final.

that he had a direct appeal pending, Ewing did not file a Rule 29.15 motion.[3]

After several months passed with no word from Toney, Ewing and his family made efforts to contact Toney to no avail. On September 20, 2008, Ewing started writing letters to other attorneys and legal organizations trying to determine what was going on in his case.[4] One of those letters was directed to the Missouri Supreme Court. On March 5, 2009, counsel for the Missouri Supreme Court, wrote to Ewing and advised that:

> The electronic database indicates that a notice of appeal was filed in your case. However, the filing fee was not timely made, so the appeal was dismissed.
>
> You should consult competent legal counsel to determine what remedies may be available to you. Perhaps the public defender would be available to assist you.
>
> I am forwarding your material to the chief disciplinary counsel.

Before receiving this letter, Ewing did not know that his appeal had been dismissed. By the time he received this letter, Ewing was out of time to file a request for leave to file an appeal out of time under Rule 30.03, and was out of time to file a Rule 29.15 motion.

Ewing made contact with the public defender's office which ultimately undertook his representation. On May 18, 2010, a motion to recall the mandate was filed on Ewing's behalf. The motion was opposed by the State. The State argued that Ewing failed to allege that he was unaware of the dismissal of his appeal until after it was too late to reinstate the appeal, and that Ewing had not explained why he could not have timely filed a Rule 29.15 motion alleging ineffective assistance of counsel. The motion to recall the mandate was denied by this court on December 3, 2010.

On July 15, 2011, Ewing filed a petition for writ of habeas corpus in DeKalb County.[5] Respondent in this cause was similarly named as the Respondent in the writ petition filed in DeKalb County. Respondent conceded in his response to the writ petition that Ewing "is probably entitled to a writ of habeas corpus remanding the case for re-imposition of the same sentences that have already been imposed, so that the Public Defender may file a timely notice of appeal."

On November 10, 2011, the Circuit Court of DeKalb County granted Ewing's petition. It ordered as follows:

> The Court orders that [Ewing's] underlying criminal case, *State v. Ewing*, Jackson County Case No. 0516–CR07808–01, be remanded to the Circuit Court of Jackson County for re-imposition of the same sentences that have already been imposed, so that the Public Defender may file a timely notice of appeal.

On December 16, 2011, Ewing filed a motion for re-sentencing in the Circuit

---

**3.** Rule 29.15 requires the filing of a motion seeking post-conviction relief within 180 days of the date the person is delivered to the custody of the department of corrections, unless an appeal was taken, in which case the motion must be filed within 90 days after the date the mandate of the appellate court issued.

**4.** Ewing's appendix includes a chart summarizing the letters sent. There were dozens.

The appendix also includes the responses Ewing received to many of the letters he sent. The first response which advised Ewing that he did not have a direct appeal pending was the letter dated March 5, 2009 from counsel to the Missouri Supreme Court.

**5.** Rule 91.02 requires a Rule 91.01 petition for writ of habeas corpus to be filed in the first instance in the circuit court for the county in which the person is held in custody.

Court of Jackson County in Case No. 0516–CR07808–01. On January 20, 2012, the Honorable Marco A. Roldan overruled the motion, noting on the court's docket sheet that "the court lacks jurisdiction over the issue." [6]

On January 27, 2012, Ewing filed his petition for writ of habeas corpus in this court. On January 30, 2012, Respondent was directed to file a response showing cause why the petition for writ of habeas corpus should not be granted. Respondent filed a response on February 8, 2012. In the response, Respondent advised that his counsel had spoken with Toney by telephone on October 4, 2011. Toney admitted to Respondent that he had not told Ewing his appeal had been dismissed. Respondent conceded this is "probably cause to excuse the procedural default of Ewing's ineffective assistance of [trial] counsel claim in the Rule 29.15 process." Respondent argued it would be appropriate to direct the trial court to re-sentence Ewing by imposition of the same sentences "so that the public defender, who now represents Mr. Ewing, may file a timely appeal on Mr. Ewing's behalf." [7]

### Analysis

Though the State concedes that Ewing is entitled to the relief he seeks, we are nonetheless limited in our ability to afford the relief unless permitted to do so by law. For the reasons herein discussed, we conclude that we are authorized to grant Ewing's petition for writ of habeas corpus.

"Habeas corpus is not a substitute for . . . a procedural default of a post-conviction remedy." *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 519 (Mo. banc 2001). "Post conviction remedies are designed to provide a 'single, unitary, post-conviction remedy, to be used in place of other remedies,' including the writ of habeas corpus." *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 214 (Mo. banc 2001) (quoting *Wiglesworth v. Wyrick*, 531 S.W.2d 713, 715–16 (Mo. banc 1976)). Thus, it is the general rule that a defendant who fails to raise "claims in post-conviction proceedings . . . waives them and cannot raise them in a subsequent petition for habeas corpus." *Id.* (citing *Smith v. State*, 887 S.W.2d 601, 602–03 (Mo. banc 1994)).

There are limited exceptions to this rule. Two exceptions are described in *Clay v. Dormire*, 37 S.W.3d 214 (Mo. banc 2000). *Clay* recognized that procedurally defaulted claims can nonetheless be raised in a habeas corpus petition " 'to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results.' " 37 S.W.3d at 217 (quoting *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993)).[8]

■ In *Jaynes*, the Missouri Supreme Court recognized "cause and prejudice" as a third exception permitting review of procedurally defaulted claims in a habeas proceeding. 63 S.W.3d at 215 (citing *Schlup v. Delo*, 513 U.S. 298, 315, 115 S.Ct. 851,

---

6. This ruling was likely issued in reliance on *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 619 (Mo. banc 2006), where our Missouri Supreme Court held that "one circuit court does not have supervisory authority over another circuit court to order the corrections of errors. This Court and the court of appeals have supervisory authority."

7. We commend the State for its candor, and note that such candor in the face of obviously

egregious circumstances like those in this case fosters confidence in our system of justice.

8. For reasons we need not address, neither of these exceptions applies to Ewing's writ of habeas corpus. For a more comprehensive discussion of these exceptions, *see State ex rel. Koster v. McElwain*, 340 S.W.3d 221 (Mo.App. W.D.2011).

130 L.Ed.2d 808 (1995) and 513 U.S. at 332–334, 115 S.Ct. 851 (concurring opinion of O'Connor, J.)). "The United States Supreme Court explained that the 'cause' of procedural default 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). "To establish the 'prejudice' necessary to overcome procedural default, a petitioner ... bears the burden of showing, not merely that errors at his trial created the possibility of prejudice, but that they 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 215–16 (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Ewing relies on the cause and prejudice exception to seek review of his procedurally barred claim that as a result of the ineffectiveness of his trial counsel, Ewing was deprived of his right of appeal.

■ The State agrees that Ewing's trial counsel failed to timely file a notice of appeal by failing to remit the required filing fee with the notice of appeal. The State also agrees that Ewing's trial counsel failed to notify Ewing that his untimely filed appeal had been dismissed. The State does not contest that Ewing did not learn that his appeal had been dismissed until well after the time frame for seeking relief under either Rule 30.03 or Rule 29.15.

■ Our Supreme Court has declared that a defendant in a criminal case is entitled to effective assistance of counsel on appeal. *State v. Frey*, 441 S.W.2d 11, 14 (Mo. banc 1969). "[A] failure to provide such assistance is a denial of constitutional rights under the Sixth and Fourteenth Amendments of the Constitution of the United States." *Id.* (citations omitted). In *Frey*, as in the instant case, the defendant desired an appeal, and "[h]is ... counsel so understood but he took no steps to perfect an appeal until long after the time for doing so had expired." *Id.* at 15. "The failure of counsel to take the simple steps required to file a notice of appeal when instructed by his client to do so constitutes such extraordinary inattention to client's interests as to amount to ineffective assistance of counsel." *Id.*

■■ *Frey* involved the disposition of a defendant's timely filed post-conviction relief motion.[9] *Id.* at 12. Frey is nonetheless relevant to our consideration of Ewing's petition for writ of habeas corpus filed long after Ewing's post-conviction remedies had expired. Though Ewing's claim that Toney provided ineffective assistance of counsel should have been raised in a timely Rule 29.15 motion, Ewing had no idea that the time for filing a Rule 29.15 motion was running because he believed his direct appeal was pending. "In limited circumstances ... the failure to timely raise a claim under Rule 24.035 or Rule 29.15 does not bar subsequent habeas relief." *State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 516 (Mo. banc 2010). The ability to demonstrate "cause and prejudice" is just such a circumstance, and permits a defendant to seek review of procedurally defaulted post-conviction relief claims where the procedural default "was caused by something external to the defense." *Id.* Though at first blush, Toney's failures might seem ineligible to demonstrate "cause" as Toney's conduct was conduct by, and not "external" to the defense, the United States Supreme Court dispelled this technicality in *Murray*. The

9. Defendant's post-conviction motion was filed under former Rule 27.26.

"cause external to the defense" criterion was declared applicable to cases where a defendant has been "represented by counsel whose performance *is not* constitutionally ineffective under the standard established in *Strickland v. Washington.*" [10] *Murray,* 477 U.S. at 488, 106 S.Ct. 2639 (emphasis added). The United States Supreme Court then observed, however, that where *"the procedural default is the result of ineffective assistance of counsel,* the Sixth Amendment itself requires that responsibility for the default be imputed to the State.'" *Id.* (emphasis added). Thus, when a defendant is precluded from the timely exercise of post conviction remedies as a result of the ineffective assistance of counsel, the imputation of the resulting procedural default to the State effectively renders the cause of the default "external to the defense." Necessarily, this means of establishing "cause" will be limited to situations where the ineffectiveness of *trial or appellate counsel* results in the procedural default of post-conviction remedies, as " 'claims of ineffective assistance of *post-conviction counsel* are categorically unreviewable.'" *Gehrke v. State,* 280 S.W.3d 54, 58 (Mo. banc 2009) (quoting *Hutchison v. State,* 150 S.W.3d 292, 303 (Mo. banc 2004) (emphasis added)).[11]

It will be the rare case where the ineffective assistance of trial or appellate counsel results in the procedural default of a defendant's post-conviction remedies.[12] In fact, the only example that comes readily to mind is the scenario with which we are presented here, where a defendant fails to timely file a post-conviction motion because his trial or appellate counsel has caused the defendant to believe that the time frame to do so has not commenced to run because of the pendency of a direct appeal.

Under strikingly similar circumstances, our Eastern and Southern Districts have afforded habeas relief to defendants in reliance on the "cause and prejudice" exception. In *State ex rel. Peete v. Moore,* 283 S.W.3d 818 (Mo.App. E.D.2009), habeas relief was granted to a defendant who demonstrated that his trial attorney failed to timely file a notice of appeal, or to timely seek leave to file an appeal out of time, despite contrary assurances to the defendant. *Id.* at 821–22. In *Wolf v. Steele,* 290 S.W.3d 136 (Mo.App. S.D.2009), habeas relief was granted to a defendant whose trial counsel failed to file a notice of appeal though she assured she would. *Id.* at 138. Trial counsel told the defendant it would take at least two years for the appeal to be prosecuted, lulling the defendant into inaction well beyond the one year time frame to seek leave to file an appeal out of time under Rule 30.03. *Id.*

Ewing has demonstrated (as the State concedes) "cause" by establishing that Toney failed to perfect the filing of Ewing's notice of appeal in a timely manner, and

---

**10.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**11.** If the conduct of post-conviction counsel deprives a defendant of the opportunity to seek relief in whole or in part under Rule 24.035 or Rule 29.15, the defendant cannot claim ineffective assistance of counsel, but can seek to "reopen an otherwise final post-conviction case" by establishing abandonment by post-conviction counsel. *McFadden v. State,* 256 S.W.3d 103, 106 (Mo. banc 2008).

**12.** We emphasize that should trial or appellate counsel agree to assume the mantle of post-conviction counsel for a client, then fail in some fashion to timely file a post-conviction motion, such conduct would not be eligible for a claim of ineffective assistance of counsel under *Gehrke v. State,* 280 S.W.3d 54, 58 (Mo. banc 2009), and could only be eligible for a claim of abandonment by post-conviction counsel under *McFadden v. State,* 256 S.W.3d 103, 106 (Mo. banc 2008).

failed to advise Ewing that his appeal had been dismissed in time to permit Ewing to take advantage of the relief afforded by either Rule 30.03 or Rule 29.15. Ewing has demonstrated "prejudice" simply by the fact he was denied an appeal in a criminal case. *Peete,* 283 S.W.3d at 822. Ewing was "effectively abandoned by counsel, a deprivation of his constitutional rights" to counsel on appeal. *Id.*; see also *Frey,* 441 S.W.2d at 14. We thus conclude that Ewing is entitled to habeas relief pursuant to the "cause and prejudice" exception to procedurally defaulted post-conviction remedies.

### Conclusion

Ewing's petition for writ of habeas corpus is granted. Ewing's *sentences* (but not his convictions) in *State v. Ewing,* Jackson County Circuit Court Case No. 0516–CR07808–01 are vacated **effective on the date the Circuit Court of Jackson County, Missouri schedules Ewing for resentencing.** The Circuit Court of Jackson County, Missouri is ordered to schedule Ewing's resentencing as soon as is reasonably practical, and in no event more than thirty days after Ewing files a motion requesting resentencing pursuant to this Opinion. Ewing is ordered remanded to the custody of the sheriff of Jackson County, Missouri on the day of his scheduled resentencing to permit his presence pursuant to Rule 29.07(b)(2). Ewing shall remain in the custody of the sheriff of Jackson County, Missouri until he is resentenced. At the resentencing hearing, the Circuit Court of Jackson County is directed to impose the same sentences for Ewing as originally imposed. The Circuit Court's resentencing judgment should afford credit against the sentences for all time served on the charges for which Ewing was convicted. Immediately upon resentencing, Ewing shall be remanded to the custody of the Missouri Department of Corrections. Upon resentencing, a new period for filing an appeal from Ewing's conviction will begin to run.

All concur.